**UNITED STATES of America, Plaintiff,**

v.

**Bernard SANDERS, Defendant.**

**No. 88 CR 141.**

United States District Court,
N.D. Illinois, E.D.

Nov. 21, 1988.

Jacqueline Stern, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Ronald A. Bredemann, Flood, Bredemann & Evans, Park Ridge, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

## I. INTRODUCTION

Defendant is charged with possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for a convicted felon to possess a firearm which has travelled in interstate commerce. The case is presently before the court on defendant's motion to preclude application of

the enhanced sentencing provision of 18 U.S.C. § 924(e).[1] For the reasons described below, defendant's motion is denied.

## II. BACKGROUND

Defendant is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). According to the government, defendant has previously been convicted of three felonies: two convictions for burglary and one conviction for the Illinois crime of attempt burglary.[2] In the event that defendant is convicted of the firearm charge, the government seeks to apply the enhanced sentencing provision of 18 U.S.C. § 924(e)(1), which provides:

> In the case of a person who violated section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

Defendant opposes application of section 924(e)(1) on the ground that attempt burglary does not constitute a "violent felony." Specifically, defendant raises three arguments: (1) the crime of attempt burglary does not inherently constitute a "violent felony;" (2) the particular attempt bur-

glary of which defendant was convicted does not constitute a "violent felony;" and (3) section 924(e)'s ambiguity with respect to whether it applies to the attempt burglary conviction renders it unconstitutional.

In order to determine whether defendant's attempt burglary conviction constitutes a conviction for a "violent felony," it is necessary to interpret section 924(e)(2)(B), which provides:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Court has the benefit of three court of appeals decisions which interpret the term "violent felony." The most extensive analysis of the statutory language is found in *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988). In that case, one of the defendant's three prior convictions had been for the Maryland crime of "storehouse breaking."[3] Based on the legislative history, the Fourth Circuit first concluded that Congress intended the term "burglary" to have its common law meaning of "the breaking and entering of the dwelling house of another, in the nighttime, with the intent to commit a felony therein." 852 F.2d at 758. Based on this definition, the court held that the defendant's convic-

---

1. On October 4, 1988, the Court rejected the government's contention that this issue is not ripe for resolution. The government argued that the motion requested an advisory opinion, because it would have no application unless the defendant were first convicted of violating section 922(g)(1). The Court found that the issue must be decided before trial in order to permit defendant to decide intelligently how to plead to the indictment.

2. "To sustain a conviction for attempt burglary, the State must show that the defendant, with the intent to commit a specific offense, did an act which constituted a substantial step toward knowingly entering the building with the intent to commit a felony or theft therein." *People v.*

*Brown*, 90 Ill.App.3d 742, 745, 46 Ill.Dec. 591, 594, 414 N.E.2d 475, 478 (3d Dist.1980). *See also People v. Fletcher*, 72 Ill.2d 66, 70, 18 Ill. Dec. 324, 327, 377 N.E.2d 809, 812 (1978). Defendant's conviction was for the attempted burglary of an unoccupied business at 10:20 p.m. on February 5, 1985.

3. "Storehouse breaking" is defined as "breaking [into] a storehouse, filling station, garage, trailer, cabin, diner, warehouse or other outhouse or into a boat in the day or night with an intent to commit murder or felony therein, or with the intent to steal, take or carry away the personal goods of another of the value of $300 or more therefrom." Md.Ann.Code art. 27 § 32 (1987).

tion for storehouse breaking did not constitute a conviction for burglary.

The court was then faced with the question of whether storehouse breaking falls within the second clause of section 924(e)(2)(B)(ii)—a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." The court noted that this "otherwise" clause was ambiguous and could be read in either of two ways: (i) a crime that inherently, by its very nature, presents a serious risk of physical injury; or (ii) a crime that, under the particular facts and circumstances of its commission, posed such a risk. Under the circumstances involved in *Headspeth,* the first interpretation favored the defendant, and the second interpretation favored the government, because storehouse breaking is not an inherently dangerous crime but the particular crime of which defendant was convicted may have presented a serious risk of injury to another. Applying the rule of lenity under which "the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended," the court adopted the first interpretation. *Id.* at 759, quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958). Accordingly, the court found that the enhanced sentencing provision did not apply.

In *United States v. Dickerson,* 857 F.2d 414 (7th Cir.1988), the defendant had previously been convicted three times for residential burglary and once for robbery. The defendant argued that he had been unarmed during the burglaries and that the burglaries could not, therefore, constitute "violent felonies." The court disagreed, emphasizing that the two clauses of section 924(e)(2)(B)(ii) are disjunctive, not conjunctive. The provision for crimes which otherwise present a serious risk of injury does not modify "burglary;" it applies only to crimes other than those specifically designated. Thus all burglaries, regardless of the individual circumstances, constitute "violent felonies." 857 F.2d at 419.

In *United States v. Portwood,* 857 F.2d 1221 (8th Cir.1988), the defendants had received enhanced sentences based on prior convictions in Missouri for burglary second degree. Defendants argued that section 924(e) was ambiguous as to whether "violent felony" includes the crime of burglary second degree. The Eighth Circuit found that "burglary" refers to all burglaries, no matter how burglary is defined by the particular state. The court continued, "Congress could quite reasonably conclude that no matter what the felon's intent upon breaking in, the property owner may return, a neighbor may investigate, or a law enforcement official may respond. All of these scenarios present a grave threat of harm to persons." 857 F.2d at 1224. Accordingly, the court held that the defendant's convictions for burglary second degree triggered the enhanced sentencing provision of section 924(e).

## III. ANALYSIS

In this case, the question is whether defendant's conviction for attempt burglary is a conviction for a "violent felony" as defined in the second clause of section 924(e)(2)(B)(ii)—a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another." The government argues that attempt burglary does present such a risk for the same reasons that burglary presents such a risk. Congress, the government argues, has already determined that all burglaries present such a risk of injury. *See Dickerson,* 857 F.2d at 419; *Portwood,* 857 F.2d at 1224. Attempt burglary presents exactly the same risk as burglary, because it presents similar dangers. The government argues that Congress therefore intended to treat all attempt burglaries as "violent felonies" as well.

The government's argument assumes that Congress intended the "otherwise" clause of section 924(e)(2)(B)(ii) to have the first of the two possible interpretations noted by the *Headspeth* court—*i.e.,* that it defines "violent felonies" as crimes which, by their very nature, present a serious risk of injury. Defendant argues that Con-

gress specifically enumerated those crimes which it considered to always present a serious risk of injury. For crimes which it considered to present a serious risk of injury only in certain circumstances, Congress created the catchall, "otherwise" clause. Because Congress did not specifically designate attempt burglary as a crime which always constitutes a "violent felony," it must have meant attempt burglary to be a "violent felony" only when the circumstances of the particular conviction presented a serious risk of injury.

The Court initially finds that Congress intended the "otherwise" clause of section 924(e)(2)(B)(ii) to apply to crimes which inherently involve the requisite risk of injury. This conclusion is apparent from the language of the statute. All of the other clauses of section 924(e)(2)(B) clearly refer to crimes in terms of their inherent nature or their elements. The introductory clause of this provision refers to crimes "punishable by imprisonment for a term exceeding one year," obviously referring to the statutory definition of the crime rather than the crime's particular circumstances. Subpart (i) refers to crimes which additionally have "as an element the use ... of physical force," again referring to the elements of the crime in general rather than the particular circumstances. The first clause of subpart (ii) refers to crimes which are "burglary, arson, or extortion, [or] involve[ ] use of explosives." This clause as well refers to the crimes in general rather than the particular circumstances of their commission. *See Dickerson*, 857 F.2d at 419; *Portwood*, 857 F.2d at 1223–24. The second clause of subpart (ii) refers to crimes which "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." This clause modifies the same word—"crime" that is modified

by subpart (i) and by the first clause of subpart (ii). "Crime" must mean the same thing, whether it is modified by subpart (i), the first clause of subpart (ii), or the second clause of subpart (ii). Because "crime" does not refer to the particular circumstances of the crime as modified elsewhere in section 924(e)(2)(B), it must not refer to the particular circumstances of the crime as modified by the second clause of subpart (ii). Thus if the crime of attempt burglary inherently presents the requisite risk of injury, it supports application of the enhanced sentencing provision; if it does not present such a risk, the enhanced sentencing provision does not apply.[4]

■ The Court concludes that all attempt burglaries constitute "violent felonies" under section 924(e). Under *Dickerson* and *Portwood*, all burglaries are "violent felonies," even if they involve breaking into unoccupied buildings. It may be argued that attempt burglary is itself a type of burglary and thus comes under the explicit language of section 924(e). However, even if attempt burglary is not a type of burglary, it involves substantially the same risk of injury as does burglary. Like burglaries, attempt burglaries involve a risk that "the property owner may return, a neighbor may investigate, or a law enforcement official may respond." *Portwood*, 857 F.2d at 1224. An unarmed burglary is no more dangerous than an attempt burglary, and even an unarmed burglary constitutes a violent felony. *See Dickerson*, 857 F.2d at 419. The distinctions between attempt burglary and burglary are not sufficiently significant to permit the court to conclude that Congress intended all burglaries to be considered "violent felonies" but

---

**4.** There is language in *Dickerson* which tends to support the view that the "otherwise" clause refers only to crimes which actually did involve a serious risk of physical injury: "if Congress intended to include only crimes in which serious physical injury was involved, it would have worded the statute to say 'burglary, arson, or extortion, *and* involves use of explosives or otherwise involves conduct that presents a serious risk of physical injury to another.'" 857 F.2d at 419 (emphasis in original). The implication of

this language is that the "otherwise" clause after the word "and" refers to "crimes in which serious physical injury was involved," *i.e.*, crimes which were violent only under the particular circumstances of their commission. However, the Seventh Circuit was not faced with the issue which is before this Court, and the Court finds that such a reading of this language is not supported by the statute or by the case of *Dickerson* read as a whole.

did not so intend attempt burglaries.[5]

█ For similar reasons, the Court rejects defendant's claim that section 924(e)(2)(B)(ii) is unconstitutionally vague. Defendant argues that a defendant may not reasonably be aware that the offense of attempt burglary can result in an enhanced penalty. The Court rejects this argument for two reasons. First, the logic described above compels the conclusion that Congress intended convictions for attempt burglary to give rise to enhanced sentencing. This logic stems from the language of the statute itself, and the statute thus provides sufficient clarity to pass constitutional muster. Second, a defendant clearly does not set out to commit the crime of "attempt burglary," but rather to commit the crime of burglary. The intent is the same, whether or not the attempt succeeds. It defies all logic for a defendant to argue that he was not aware that he would be considered equally dangerous for sentencing purposes regardless of whether his previous convictions involved crimes which achieved their objectives.

## IV. CONCLUSION

Because attempt burglaries present substantially the same risks of injury as do burglaries, the Court concludes that they constitute "violent felonies" within the meaning of section 924(e). Defendant's motion to preclude application of the enhanced sentencing provision is therefore denied.

---

**5.** This conclusion may be inconsistent with the holding in *Headspeth*. Attempt burglary does not inherently present any greater risk of injury to another person than does storehouse breaking, and the *Headspeth* court found that storehouse breaking is not inherently a "violent felo-ny." This inconsistency, however, is inherent in the different approaches followed by the Fourth Circuit, on the one hand, and the Seventh and Eighth Circuits, on the other. This Court, of course, is bound to follow the reasoning of the Seventh Circuit.