**UNITED STATES of America, Plaintiff,**

v.

**Michael J. FISH, Defendant.**

**No. 89–CV–80439–DT.**

United States District Court,
E.D. Michigan, S.D.

Nov. 27, 1989.

Amy B. Hartmann, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Jill Leslie Price, Federal Defender, Federal Defender Office, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on the government's motion for application of the enhanced sentencing provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e).

## FACTS

The defendant, Michael J. Fish was convicted on September 20, 1989, following a jury trial, of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to trial, the government filed its notice of intent to classify the defendant as an "Armed Career Criminal" within the meaning of 18 U.S.C. § 924(e). This section is entitled the Armed Career Criminal Act (hereafter ACCA).

On November 16, 1989, the Court conducted a hearing on the government's motion. After hearing argument and considering the briefs of the parties, the Court now makes its ruling.

## LAW

The ACCA requires that a mandatory minimum 15–year term of imprisonment without the possibility of parole be imposed for a defendant who violates 18 U.S.C. § 922(g) and has been convicted three or more times of a violent felony or drug offense as defined in the ACCA.

The ACCA has defined a violent felony as:

> ... any crime punishable by imprisonment for a term exceeding one year or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive devise that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

Before applying the enhanced sentencing provisions to defendant Fish, the Court must determine whether or not the defendant's prior criminal record contains at least three violent felonies in order to satisfy the requirements of the ACCA. *United States v. Taylor,* 882 F.2d 1018 (6th Cir. 1989). Defendant's prior felony convictions include: breaking and entering an occupied dwelling (1982), breaking and entering an unoccupied dwelling (1975), attempted breaking and entering a business place (1978), and attempted breaking and entering an occupied dwelling (1972).

The government submits that each of these prior convictions is a violent felony within the meaning of section 924(e). Therefore, the government contends that defendant's prior convictions satisfy the requirements of the ACCA, thus imposing the need for a 15–year mandatory minimum sentence.

In determining whether or not these prior convictions are violent felonies, the Court will first discuss the two burglary

convictions and then the two attempt convictions.

## BURGLARY CONVICTIONS

■ Both the government and defendant Fish have acknowledged that burglary convictions are violent acts for purposes of the ACCA. However, defendant Fish claims that there is a split among the circuits as to whether or not common law burglary should be the only type of burglary considered violent under the ACCA. According to the defendant, the Fourth and Ninth Circuits have held that only common law burglary should be considered a violent felony for purposes of applying the ACCA. (Memorandum in Opposition to Specification of Defendant As An Armed Career Criminal, pg. 3).

This Court, however, is bound by the law of the Sixth Circuit. The Sixth Circuit has ruled that when determining whether an act is a violent act, for purposes of section 924(e), the ACCA does not limit burglary to its common law definition. *Taylor*, 882 F.2d at 1023. As a result, burglary entails more than the act of breaking and entering a dwelling during the nightime with the intent to commit a crime therein. *Id.* The *Taylor* court broadened the definition of what could be considered a violent act so as to include burglary convictions that would not necessarily have been common law burglaries. In doing so, the *Taylor* court ruled that breaking and entering an occupied dwelling and breaking and entering an unoccupied business place were crimes which constituted violent felonies under the ACCA. *Taylor*, 882 F.2d at 1018. Therefore, this Court may consider two of defendant's breaking and entering convictions as predicate acts or violent felonies for purposes of applying the sentencing enhancement guidelines. According to the defendant, this split among the circuits will inevitably need to be resolved by the Supreme Court. Therefore, defendant has only raised this issue to preserve it for appeal. (Memorandum in Opposition to Specification of Defendant As An Armed Career Criminal, pg. 3).

## ATTEMPT CONVICTIONS

■ The defendant has challenged the use of two of his attempted breaking and entering convictions for purposes of sentence enhancement. According to defendant, the language of the statute does not specifically include the use of convictions for attempted burglary. The "catch all" language of § 924(e)(2)(B)(ii) indicates that actions which present a serious potential risk of physical injury to another are considered violent acts. Defendant claims that attempted burglary does not present this risk of injury to others. According to the defendant, an attempt is an uncompleted offense often resulting in a conviction even though the offender never arrived at the site of the attempted crime. (Memorandum In Opposition to Specification of Defendant As An Armed Career Criminal, pg. 3). The defendant submits that not all attempted burglaries present the same risk of harm to individuals as would be present had the offense been completed. Therefore, defendant has concluded that his attempt convictions do not pose the level of risk required by § 924(e)(2)(B)(ii) and should not be used for purposes of sentence enhancement.

The Court is not persuaded by defendant's argument. The Sixth Circuit has held that when determining whether or not a defendant's prior conviction was a violent felony, for purposes of § 924(e), reference is not made to the actual conduct involved, but rather to the statute under which [the conviction] was obtained. *Taylor*, 882 F.2d at 1023. Therefore, this Court need not concern itself with how close defendant may have been to actually completing the burglary offense. Likewise, the Court need not consider what risks or dangers the defendant actually created. Instead, this Court must consider whether or not defendant's attempt to commit burglary created a potential risk of injury to others.

In Michigan, an attempted burglary conviction requires the prosecution to prove beyond a reasonable doubt that the defendant intended to commit the crime of burglary. The prosecution must also prove that the defendant performed an act to-

ward committing the crime. This act must go beyond mere preparation such that the crime could have been completed without an interruption by independent and outside circumstances. (Michigan Criminal Jury Instructions, 9:1:01). Even though the defendant may not have completed the burglary offense, his attempt conviction represents an intention to commit the crime. In Michigan, any attempt to commit an offense is a specific intent crime. *People v. Langworthy*, 416 Mich. 630, 644, 331 N.W.2d 171 (1982).

In addition, courts have previously addressed the issue of attempted felonies as predicate acts for the purposes of the ACCA. In *United States v. Sanders*, 705 F.Supp. 396, 399 (N.D.Ill.1988), the court held that attempted burglaries constitute violent felonies under the ACCA. According to the *Sanders* court, an attempt involves substantially the same risk of injury as does the actual burglary. *Id.* Even though the burglary was not completed, the attempt involves the risk that the property owner may return, a neighbor may become involved, or a law enforcement officer may respond. *Id.*

This Court concludes that an attempted burglary conviction is a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii). An attempt to commit burglary is a specific intent crime requiring that the defendant intend to commit the crime and take a substantial step toward furthering the crime. Regardless of whether or not the burglary was accomplished, the defendant's mental state was the same. The defendant did intend to commit burglary. The fact that the defendant was unsuccessful does not lessen the potential danger of the crime. Section 924(e)(2)(B)(ii) does not require the defendant's action to have actually been dangerous when committed. Instead, the statute deals with actions which present a serious potential risk of injury to another. On any given occasion, an attempted burglary may in fact not be dangerous. However, an attempt does create a serious risk of harm to others. The attempt may be discovered while in progress. The property owner or a neighbor may intervene and confront the intruder. Police officers may investigate or pursue. In these instances, the persons involved will face a serious risk of physical injury. Congress clearly intended to include this type of potential risk when it drafted the ACCA. Therefore, this Court finds that attempted burglaries present substantially the same risks of injury as do burglaries. As a result, attempted burglary is a violent felony for purposes of the ACCA.

## CONCLUSION

The Court, therefore, finds that the defendant's convictions for attempted burglary and burglary constitute the predicate violent felonies required for application of the enhanced sentencing provisions. The government's motion for application of enhanced sentencing provisions under the Armed Career Criminal Act is hereby GRANTED.

IT IS SO ORDERED.