**UNITED STATES of America, Plaintiff,**

v.

**Christopher L. ALLEN, Defendant.**

**No. 90–CR–80468–DT.**

United States District Court,
E.D. Michigan, S.D.

Feb. 5, 1991.

Edward Ewell, Jr., Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Paul D. Muller, Southfield, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on the government's motion for application of the enhanced sentencing provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e).

## FACTS

The defendant, Christopher L. Allen, was convicted on November 13, 1990, following a jury trial, of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Before trial, the government filed a notice of intent to classify the defendant as an "Armed Career Criminal" within the meaning of 18 U.S.C. § 924(e). This section is entitled the Armed Career Criminal Act (hereafter ACCA).

## LAW

The ACCA requires that a mandatory minimum 15–year term of imprisonment without the possibility of parole be imposed for a defendant who violates 18 U.S.C. § 922(g) and has been convicted three or more times of a violent felony or drug offense as defined in the ACCA.

The ACCA has defined a violent felony as:

... any crime punishable by imprisonment for a term exceeding one year or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that:

(i) has as an element the use, attempted use, or threatened use of physical

force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The ACCA is triggered upon a showing by the government that the defendant has three predicate felony convictions. These convictions must be distinct in time and not the result of a single criminal episode. *United States v. Pedigo*, 879 F.2d 1315, 1317 (6th Cir.1989).

Prior to applying an enhanced sentencing provision to defendant Allen, this Court must first determine whether or not defendant Allen's prior criminal record contains at least three violent felonies. *United States v. Taylor*, 882 F.2d 1018 (6th Cir. 1989). Defendant Allen's prior felony convictions include: felon in possession of a firearm (1988), armed robbery (1983), unarmed robbery (1983) and attempt breaking and entering an occupied dwelling (1980).

The government submits that the last three convictions are violent felonies within the meaning of § 924(e). As a result, the government contends that defendant's prior convictions satisfy the requirements of the ACCA, thus imposing the need for a 15–year mandatory minimum sentence.

Defendant Allen acknowledges these prior convictions and also admits that each conviction is distinct in time and arose out of separate criminal episodes. While conceding that armed robbery and unarmed robbery convictions do qualify as predicate felonies under the ACCA, defendant Allen submits that his conviction for attempt breaking and entering should not be considered a "violent felony." Defendant submits that his attempt conviction does not satisfy the commonlaw definition of burglary. According to defendant, only the commonlaw definition of burglary should be a basis for using the enhanced penalty. Accordingly, defendant Allen submits that he does not have the three predicate felonies required for an enhanced sentence under the ACCA.

## OPINION

This Court is not persuaded by defendant Allen's argument. The exact issue of whether an attempted breaking and entering conviction is a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii) has previously been analyzed by this Court.

In *United States v. Fish*, 726 F.Supp. 156, 159 (E.D.Mich.1989), this Court followed Sixth Circuit precedent in determining that the ACCA did not limit burglary to its commonlaw definition. *Fish, supra* at 159, citing to *Taylor, supra* at 1023. Accordingly, this Court concluded that burglary entailed more than the mere act of breaking and entering a dwelling during the nighttime with the intent to commit a crime therein. *Id.* In *Fish*, this Court concluded:

The *Taylor* court broadened the definition of what could be considered a violent act so as to include burglary convictions that would not necessarily have been commonlaw burglaries.

*Fish, supra* at 158. Accordingly, this Court concluded that burglary constituted a violent felony under the ACCA.

In *Fish*, this Court also analyzed the applicability of attempt convictions under the ACCA. Citing to *Taylor*, this Court concluded that for purposes of § 924(e), reference is not made to the actual conduct involved, but rather to the statute under which [the conviction] was obtained. *Fish*, 726 F.Supp. at 158.

In Michigan, an attempted burglary conviction requires the prosecutor to prove that the defendant intended to commit the crime of burglary and that the defendant committed an act toward committing the crime. That act must go beyond mere preparation such that the crime would have been completed but for an interruption by independent and outside circumstances. (Michigan Criminal Jury Instructions, 9:1:01). An attempt conviction represents a specific intent to commit the crime. *Fish*, 726 F.Supp. at 158–59.

In *United States v. Sanders*, 705 F.Supp. 396, 399 (N.D.Ill.1988), the court deter-

mined that attempted burglaries constitute violent felonies under the ACCA. According to the court in *Sanders*, attempts involve substantially the same risk of injury as do actual burglaries. An attempt involves the risk that the property owner may return, a neighbor may become involved, or a law enforcement officer may respond. *Id.*

Based on an analysis of this precedent, this Court finds that an attempt breaking and entering conviction is a "violent felony" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii). *United States v. Fish, supra; United States v. Sanders, supra.* This attempt conviction is a specific intent crime requiring that the defendant intend to commit the crime and take a substantial step toward furthering the crime. Regardless of whether or not the crime was accomplished, the defendant's mental state was the same. *Fish*, 726 F.Supp. at 159. The fact that the defendant was unsuccessful in the criminal attempt does not lessen the potential danger of the crime. Therefore, this Court concludes that defendant's attempt presents substantially the same risks of injury as does completion of the crime. As a result, defendant's attempt conviction is a "violent felony" for purposes of the ACCA.

## CONCLUSION

Based upon the foregoing, this Court finds that defendant's convictions for armed robbery, unarmed robbery and attempt breaking and entering an occupied dwelling constitute the predicate violent felonies required for application of the enhanced sentencing provisions. The government's motion for enhanced sentencing provisions under the Armed Career Criminal Act is, therefore, GRANTED.

IT IS SO ORDERED.