**UNITED STATES of America, Plaintiff,**

v.

**Edward Harry WEEKLEY, Defendant.**

**No. CR–91–072–JLQ.**

United States District Court,
E.D. Washington.

April 3, 1992.

Thomas O. Rice, Asst. U.S. Atty., Spokane, Wash., for plaintiff.

Michael D. Kinkley, Spokane, Wash., for defendant.

## MEMORANDUM OPINION DENYING PLAINTIFF'S REQUEST TO ENHANCE SENTENCE

QUACKENBUSH, Chief Judge.

BEFORE THE COURT is Plaintiff's Request to Enhance Defendant's Sentence in the above-entitled matter heard on April 1, 1992. Assistant United States Attorney Thomas O. Rice appeared for the Plaintiff. The Defendant appeared personally and through his court-appointed attorney Michael D. Kinkley. Having reviewed the record, heard from counsel and being fully advised in this matter, this Opinion is intended to memorialize the oral rulings of the court. IT IS HEREBY ORDERED that Plaintiff's Request to Enhance Sentence is DENIED for the following reasons.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 1991, the Defendant Edward Harry Weekley was convicted by a jury for being a felon in possession of a firearm. A sentencing hearing was held on January 9, 1991. Mr. Weekley's presentence investigation report indicates that he has an extensive juvenile and adult criminal history of thefts and burglaries. At the January 9, 1991 hearing, the Government urged the court to enhance Mr. Weekley's sentence pursuant to 18 U.S.C. § 924(e). The court took the request under advisement, and the parties have provided supplemental briefing on the issue, which the court has now reviewed.

## DISCUSSION

18 U.S.C. § 924(e)(1) provides that a person convicted of certain firearm offenses, including a charge of being a felon in possession of a firearm, and who has three prior convictions for a "violent felony" or a serious drug offense; or both, committed on occasions different from one another, shall be sentenced to a mandatory 15 years, without possibility of probation or parole. 18 U.S.C. § 924(e)(2)(B) defines "violent felony".

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element, the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Government continues to maintain that Mr. Weekley is subject to an enhancement of his sentence pursuant to 18 U.S.C. § 924(e). The Defendant contends he does not have three prior convictions for a "violent felony", and therefore, that his sentence should not be enhanced pursuant to § 924(e). Mr. Weekley's past convictions relevant to the issue here are:

(1) October 14, 1982—second degree burglary;

(2) November 14, 1983—attempted second degree burglary;

(3) December 7, 1983—second degree burglary.

It is not disputed that Mr. Weekley's two prior convictions for second degree burglary constitute two prior convictions for "violent crimes". The issue is whether the conviction for attempted second degree burglary satisfies the requirement as the third predicate conviction for a "violent crime" necessary for enhancement under 18 U.S.C. § 924(e).

Under 18 U.S.C. § 924(e), a prior conviction is for a "violent felony" if it fits within one of three categories: (1) the offense has as an element, the use, or attempted or threatened use of physical force against another person under § 924(e)(2)(B)(i); (2) the offense is the equivalent of the enumerated crimes of burglary, arson, extortion, or use of explosives under the first provision of § 924(e)(2)(B)(ii); or (3) the offense otherwise involves conduct that presents a serious potential risk of physical injury to another under the second provision of § 924(e)(2)(B)(ii).

### 18 U.S.C. § 924(e)(2)(B)(i)

The Government has not suggested that Mr. Weekley's attempted burglary conviction falls under § 924(e)(2)(B)(i). Clearly, neither the Washington second degree burglary statute, nor the Washington attempt statute require, as an element, the use or threat of physical force against another person. *See* RCW 9A.52.030 and RCW 9A.28.020, *infra.* Therefore, the only question is whether an attempted second degree burglary conviction qualifies as a conviction for a "violent felony" under either provision of § 924(e)(2)(B)(ii).

### 18 U.S.C. § 924(e)(2)(B)(ii)

Any discussion of § 924(e)(2)(B)(ii) necessarily begins with the landmark decision of *United States v. Taylor*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), in which the Supreme Court resolved a conflict among the circuits as to what Congress meant by the word "burglary" as used in the first provision of 18 U.S.C. § 924(e)(2)(B)(ii). The Court held that (1) "burglary", within the meaning of § 924(e), refers to conviction of any crime, regardless of its exact definition or label under state law, which has the basic elements of a generic burglary, i.e. an unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime; or (2) if the charging papers and/or jury instructions actually required a finding of all elements of a generic burglary in order to convict a defendant. For example, in a State whose burglary statutes include entry of an automobile, as well as a building, and if the indictment or information and/or jury instructions indicate that a defendant was charged only with a burglary of a building, and the jury necessarily had to find entry of a building to convict, the Government should be allowed to use that conviction for enhancement under § 924(e). *Id.* 110 S.Ct. at 2160.

The Court further held that a sentencing court must generally adopt a formal categorical approach, looking only to the fact of conviction and the statutory definition of the predicate offense, rather than to the underlying facts of any particular case. *Id.* at 2159.

The Ninth Circuit has not yet addressed the question of whether an attempted burglary conviction constitutes a predicate "violent felony" for purposes of § 924(e)(2)(B)(ii). However, in *United States v. Sherbondy*, 865 F.2d 996 (9th Cir.1988), the court first determined that the California Witness Intimidation Statute was not a "violent felony" for sentence enhancement pursuant to § 924(e)(2)(B)(i) because the statute does not require proof of force or threat of force against persons.

The court then turned to a discussion of § 924(e)(2)(B)(ii) and concluded that the first provision of subsection (ii) sets forth categorical property offenses, and that the "otherwise clause" of the second provision of subsection (ii) is a generalized version of that categorical approach. *Id.* at 1008. The court observed:

> We do not view the "otherwise" clause as an indication by Congress of its intention to abandon the categorical approach

it uses throughout the section in favor of one that requires courts to examine individual acts in the case of the unspecified offenses; rather we construe it as an attempt to set forth a general description that serves to expand the intended categories beyond the four explicitly listed. *Id.* at 1008. Thus, the court concluded "that subsection (ii) does not permit inquiry into the individual defendant's specific conduct in committing the prior offense." *Id.* at 1009.

The Supreme Court in *Taylor* found the reasoning of *Sherbondy* to be persuasive, stating that "the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor, supra,* 110 S.Ct. at 2160. The Court further observed that the language of § 924(e) and the legislative history of the enhancement statute indicate that Congress chose a categorical rather than a factual approach to predicate offenses, noting that "the practical difficulties and potential unfairness of a factual approach are daunting." *Id.* at 2159.

■ Thus, when determining whether a prior conviction is a "violent felony", for purposes of § 924(e)(2)(B), reference is made to the statutes under which the conviction was obtained rather than the actual conduct involved. Accordingly, the inquiry in this case is whether attempted burglary under Washington statutes is a crime for which Mr. Weekley's sentence may be enhanced either as a "generic burglary" as enumerated in the first provision of subsection (ii), or else falls under the "otherwise clause" of the second provision of subsection (ii).

### The Burglary Provision

Congress enacted the original version of § 924 in 1984, in an effort to target armed career criminals for stiffer sentences. *See Taylor, supra,* 110 S.Ct. at 2149 (citing H.R.Rep. No. 98–1073, 98th Cong., 2d Sess. 1, 3). That version of the enhancement statute included only burglary and robbery as predicate offenses. *Id.*

In 1986, Congress amended § 924(e) to the version applicable here. Thus, Congress shifted the focus of the predicate offenses toward "violent crimes" and "serious drug offenses". One of the issues Congress debated in its efforts to amend § 924(e) was whether burglary should remain a predicate offense in light of the new focus on violence and drugs. *See Taylor, supra* at 2150–2153. Congress eventually decided to retain burglary as a predicate offense, both because burglary is an offense often committed by career criminals, who remained targets of the enhanced sentences, and because of the high risk of violent confrontation inherent in the crime of burglary. *Id.* at 2152–2153. However, attempted burglary, was not enumerated as a predicate offense.

> Significantly, Congress did not specifically include convictions for attempts to commit burglary as predicate offenses for sentence enhancement under 924(e) … [I]n two previous versions of the Armed Career Criminal Act that were passed by the Senate but never enacted into law, the predicate offenses specifically included attempted burglaries …

*United States v. Strahl,* 958 F.2d 980 (10th Cir.1992).

In *United States v. Martinez,* 954 F.2d 1050 (5th Cir.1992), the court vacated the sentencing court's 15 year sentence, finding that a conviction for attempted burglary does not constitute a predicate "violent felony" for enhancement under § 924(e). There, like here, the Government argued that (1) the attempted burglary conviction, should be considered to be the equivalent to a burglary conviction, which is one of the offenses specifically enumerated as warranting enhancement under the first provision of subsection (ii); and (2) that even if an attempted burglary conviction could not be considered the equivalent of a burglary conviction, it nonetheless presents a serious potential risk of physical injury to another, and therefore, warranted enhancement under the "otherwise clause" con-

tained in the second provision of subsection (ii).

Addressing the Government's first contention, the court first found that a conviction for attempted burglary is not equivalent to a burglary conviction under the first provision of subsection (ii) because the Texas Court of Criminal Appeals had specifically held that, under Texas law, the offense of attempted burglary does not require that the offender enter or remain in a building or structure; rather, any act amounting to more than mere preparation that tends but fails to effect a burglary constitutes attempted burglary.

> Acts which "tend to intrude" into a building or habitation are not necessarily required. An accused could be convicted of attempted burglary as long as the alleged acts "tended to effect the commission of a burglary." Thus, the emphasis is not necessarily on entry but on acts which tend to effect the commission of a burglary.... Thus, the fact that Martinez was convicted of attempted burglary does not demonstrate, as a matter of law, that those convictions included the essential elements of entry into a building, as Martinez could have been convicted of attempted burglary even if he did not enter any building or habitation.

*Id.*

The court further found that Congress could have, but did not, enumerate attempted burglary as a "violent felony" under the first provision of subsection (ii).

> First, if Congress had wished to include attempted burglary as an offense warranting sentence enhancement, it easily could have done so. Section 924(e) explicitly mentions burglary; if Congress believed that the attempt should be treated the same way as the crime itself, it could have said so with virtually no effort. The Government, however, presents no argument from the legislative history that the Congress even considered including the crime of attempted

burglary—or any other attempt—when it was considering 924(e).

*Id.*

The court also noted that the Government had not offered the charging papers or jury instructions to establish that the jury was required to find that entry into or remaining within a building was an element of Martinez' attempted burglary convictions.

The Tenth Circuit employed the same reasoning as the Fifth Circuit and reached the same result in *Strahl, supra.* In *Strahl,* the court used the categorical approach mandated by *Taylor,* focusing on the statutory elements of the attempted burglary offense rather than the specific conduct underlying the particular conviction. The court therefore looked to the Utah statutes. The Utah burglary statute includes the elements of a *Taylor* generic burglary, providing that "[a] person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person." Utah Code Ann. 76–6–202(1). The Utah attempt statute provides:

> [A] person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for the commission of the offense, he engages in conduct constituting a substantial step toward commission of the offense ... [C]onduct does not constitute a substantial step unless it is strongly corroborative of the actor's intent to commit the offense.

Utah Code Ann. 76–4–101(1) and (2).

The *Strahl* court quoted the Ninth Circuit opinion in *Sherbondy, supra,* 865 F.2d at 1011. "Although Congress wanted to deal with a few specific types of property crime in section 924, it made manifest its desire not to have lesser property offenses deemed 'violent felonies'." The *Strahl* court further quoted *Sherbondy* that "Section 924(e)(2)(B)(ii) should be construed narrowly and applied only to those categories of offenses which clearly meet the statutory test. Where a category is overly

broad or inclusive, subsection (ii) is not applicable." *Id.*

The Washington statutes are nearly identical to the Utah statutes, and require, for an attempted second degree burglary conviction, that the defendant has taken a substantial step towards entering or remaining unlawfully in a building, with the intent to commit a crime against a person or property therein.

Clearly, the Washington second degree burglary statute includes the generic elements specified in *Taylor.* RCW 9A.52.030 provides:

> (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle.

However, the Washington attempt statute, RCW 9A.28.020 provides in pertinent part:

> A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he does any act which is a substantial step towards the commission of that crime.

A substantial step does not necessarily require a violation of property or curtilage. *See State v. Henderson,* 114 Wash.2d 867, 792 P.2d 514 (1990) *en banc.* It is not required that the defendant has actually entered or remained in a building. The Washington Court of Appeals has held that a "substantial step towards committing burglary may be made without necessarily committing criminal trespass." *State v. West,* 18 Wash.App. 686, 571 P.2d 237 (1977). Therefore, it follows that a "substantial step" towards committing burglary can be made without entering or remaining in a building. As the court noted in *Strahl,* an attempted burglary conviction may be based upon conduct such as making a duplicate key, "casing" the targeted building, obtaining floor plans of a structure, or possessing burglary tools. "[T]hese offenses do not necessarily present circumstances which create the high risk of violent confrontation inherent in a completed burglary." *Id.*

The parties have not cited, nor has this court found, any reported case, where a court has held that an attempted burglary is the equivalent of the enumerated burglary in the first provision of § 924(e)(2)(B)(ii). This court finds the reasoning of the Fifth and Tenth Circuits to be persuasive. This court agrees that if Congress had intended to include attempt crimes categorically as a predicate "violent felony" under the first provision of § 924(e)(2)(B)(ii) it would have said so. Accordingly, the court is satisfied that attempted burglary under the Washington statutes does not constitute a burglary under the first provision of § 924(e)(2)(B)(ii).

### The Otherwise Clause

The Government argues that, because Congress specifically included burglary as a violent felony under the first provision of § 924(e)(2)(B)(ii), it follows that attempted burglary must be considered a crime which "otherwise involves conduct that presents a serious potential risk of physical injury to another" under the second provision of subsection (ii). This court finds this question to be a close one. However, the court finds it cannot agree with the Government's position.

No Supreme Court or Ninth Circuit opinion has directly addressed the issue. Circuit courts that have addressed it are in conflict as to whether attempted burglary is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" under the second provision of § 924(e)(2)(B)(ii).

The Sixth Circuit has held such to be the case. *United States v. Lane,* 909 F.2d 895 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 977, 112 L.Ed.2d 977 (1991); *United States v. Fish,* 928 F.2d 185 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991). On the other hand, the Fifth Circuit and the Tenth Circuit have held that a conviction for an attempted burglary is not a "violent crime" under either provision of § 924(e)(2)(B)(ii). *Martinez, supra; Strahl, supra.*

The Government urges this court to adopt the reasoning of the Sixth Circuit in *Lane* and *Fish, supra.* Plaintiff also cites

*United States v. Preston*, 910 F.2d 81 (3rd Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991); and *United States v. Palmer*, 871 F.2d 1202 (3rd Cir.), *cert. denied*, 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989). *Preston* and *Palmer* are easily distinguishable from this case. The court in *Preston*, found that criminal conspiracy to commit robbery was a "violent felony" within the meaning of § 924(e)(2)(B)(i) stating that a conspiracy to commit robbery subsumes the elements of robbery, which is a crime that has as an element, the use, attempted use, or threatened use of physical force against the person of another. Here, as noted supra, it is not disputed that neither the Washington attempted burglary nor the Washington burglary statute requires proof of that essential element.

*Palmer*, which was decided before *Taylor, supra,* stated, without any analysis whatsoever, that "Palmer clearly has been convicted of one violent felony for purposes of the Act, his federal attempted bank robbery conviction." *Id.* at 1204. There is no indication as to under which provision under § 924(e) the *Palmer* court found attempted bank robbery to be a "violent felony".

Finally, the Government cites two district court cases, *United States v. Allen*, 755 F.Supp. 185 (N.D.Mich.), affd. at 946 F.2d 896 (6th Cir.1991) and *United States v. Sanders*, 705 F.Supp. 396 (N.D.Ill.1988). The *Sanders* court found that attempted burglaries constitute violent felonies under the Armed Career Criminal Act and was decided before *Taylor, supra.* The *Allen* court, being in the Sixth Circuit, was bound by the holdings in *Lane* and *Fish, supra.*

The Sixth Circuit in *Lane* and *Fish* has reasoned that because the burglary statutes in question require trespass in an occupied structure, with the purpose to commit therein any theft offense, and the attempt statutes require the specific intent to commit a crime, the actual or likely presence of a person in a structure presents a serious potential risk of physical injury to another. Therefore, that court has concluded that the fact that a defendant has

not completed the subject burglaries does not diminish the serious risk of injury to another. Accordingly, the court held that attempted burglary constitutes a crime that "otherwise presents a serious potential risk of physical injury to another" under the second provision of § 924(e)(2)(B)(ii).

The Fifth and Tenth Circuits have recently disagreed with that reasoning of the Sixth Circuit. *Martinez, supra; Strahl, supra.* This court finds the Fifth and Tenth Circuit cases to be better reasoned than those of the Sixth Circuit, particularly in view of *Sherbondy, supra.*

The *Martinez* court rejected the government's argument that the attempted burglary conviction fell within the "otherwise clause" of the second provision of subsection (ii) because it presented the same serious potential risk of physical injury to another as presented by the crime of burglary.

... because attempted burglary does not require entry into a building or habitation, it simply does not present the same degree of danger that is presented by burglary. As the Supreme Court explained in *Taylor*, "Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion [in § 924(e)] as a predicate offense ... because of its inherent potential for harm to persons." (cite omitted). This inherent potential for harm is derived directly from the fact that an offender enters a building to commit a crime [which] often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape. (cite omitted). As noted above, however, attempted burglary does not require the offender to enter the building; accordingly while attempted burglary does indeed present some risk of potential harm, that risk simply does not rise to the same level of risk presented by burglary.

*Id.* The court noted that the Government was relying on the two Sixth Circuit cases of *Lane* and *Fish.* "With respect, we must disagree with the Sixth Circuit." *Id.*

The Government here also argues that Mr. Weekley's conviction for attempted second degree burglary involved his unlawful attempted entry into a residence, and therefore constitutes a violent felony under the "otherwise clause" of the second provision of § 924(e)(2)(B)(ii). However, this court is satisfied that *Taylor* requires a finding that a predicate conviction for enhancement purposes under the "otherwise clause" of the second provision of subsection (ii) has as a necessary element, that the conduct presents a serious potential risk of physical injury to another. *Taylor* also establishes that this determination is categorical, and is made by looking at the statute, the charge, and the essential elements, as set forth in jury instructions. As the Supreme Court noted in *Taylor,* the legislative history of § 924(e) reflects that "[t]here was considerable debate over what kinds of offenses to include and how to define them, but no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case." *Taylor, supra* at 2159.

The court is satisfied that under the Washington statute, a person can be convicted of attempted burglary by taking a substantial step, short of entry into a building, and therefore, that a serious potential risk of physical injury is not an essential element of attempted second degree burglary.

Finally, the Government argues that the Washington attempted burglary statute does require that a defendant have the specific intent to commit a crime. However, this court agrees with the Fifth and Tenth Circuits that the mere fact that intent to commit a crime is an essential element does not mean that a serious potential risk of physical injury is also an element. This court agrees with the *Martinez* court that while attempted burglary does present some risk of potential harm, that risk sim-

ply does not rise to the same level of risk presented by burglary.

### The Rule of Lenity

The court notes one further reason to adopt the reasoning of the Fifth and Tenth circuits. A categorical approach is most consistent with the principle of lenity, as set forth in *Sherbondy, supra,* 865 F.2d at 1009, when a court is called upon to interpret or extend sentencing statutes or guidelines. "Where the language of a penal statute admits of more than one interpretation, courts should choose the least harsh construction, the one least likely to impose penalties that Congress did not intend." *Id.*

> The rule of lenity has force in this case because ... our construction of the scope of the "otherwise" clause of subsection (ii) will not make any but those crimes which clearly fall within the narrow reach of that subsection appropriate bases for sentence enhancement ... We believe, therefore, that our decision will be consonant with the principle of lenity in the case of the substantial majority of defendants. For all defendants, furthermore, a single, analytical inquiry into the categories of offenses avoids the potential harshness of inconsistent adjudication and reliance on subjective factors in determining the appropriateness of sentence enhancement.

*Id.* at 1009, n. 17.

Because the court has found that § 924(e) does not apply in this case, the Government concedes that under the Sentencing Guidelines, the Armed Career Criminal Act, U.S.S.G. § 4B1.4 does not apply, and that the Career Offender provision of U.S.S.G. § 4B1.1 is also inapplicable.

For the foregoing reasons, this court agrees with the rationale in *Martinez* and *Strahl, supra,* and finds in view of *Sherbondy, supra* that this court must conclude that attempted burglary cannot be used as the third "violent felony" conviction for an

enhanced sentence under 18 U.S.C. § 924(e) in this case.

IT IS SO ORDERED.