UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles Martin PERMENTER,
Defendant–Appellant.

No. 91–6339.

United States Court of Appeals,
Tenth Circuit.

July 9, 1992.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Arlene Joplin, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., and Edward J. Kumiega, Asst. U.S. Atty., with her, on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before SEYMOUR, SNEED,* and MOORE, Circuit Judges.

* Honorable Joseph T. Sneed, Senior Circuit    Judge for the United States Court of Appeals for

SEYMOUR, Circuit Judge.

Charles Martin Permenter appeals the district court's decision to sentence him pursuant to the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924 (1988). Under an agreement with the government, Mr. Permenter conditionally pled guilty to a one count indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1988). In support of enhancing the sentence under section 924(e), the government offered three prior Oklahoma state court convictions: On June 2, 1980, Mr. Permenter was convicted of robbery with a firearm; and on October 5, 1982, he was convicted of second degree burglary and attempted second degree burglary. Although both of the latter convictions were entered on the same day, the underlying events took place on different occasions. On the basis of the three prior convictions and the enhancement provision of the ACCA, the district court sentenced the defendant to fifteen years in prison.

Mr. Permenter argues that the district court impermissibly relied on the prior Oklahoma conviction for *attempted* burglary to enhance his sentence pursuant to section 924(e)(1). He also contends that the district court erred by separately counting the two convictions obtained during a single judicial proceeding toward enhancement. This court has since addressed the legal questions Mr. Permenter raises. *See United States v. Strahl*, 958 F.2d 980 (10th Cir.1992) (attempted burglary under Utah law not counted toward enhancement); *United States v. Bolton*, 905 F.2d 319 (10th Cir.1990) (convictions may count separately though simultaneously entered with sentences to run concurrently), *cert. denied,* —— U.S. ——, 111 S.Ct. 683, 112 L.Ed.2d 674 (1991). Applying *Strahl,* we reverse and remand for resentencing.

## I.

We first address Mr. Permenter's contention that the district court improperly enhanced his sentence on the basis of the attempted burglary conviction. Under the

statute, any three prior convictions for violent felonies may provide the basis for imposition of the mandatory minimum penalty of fifteen years. " '[V]iolent felony' means any crime ... that ... *is burglary,* arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another....*" 18 U.S.C. § 924(e)(1)(B)(ii) (emphasis added). Mr. Permenter concedes that his convictions for robbery and second degree burglary may properly be counted toward enhancement. He contends only that a conviction for *attempted* burglary does not fulfill the statutory definition and thus may not serve as part of the predicate for imposition of sentence under the ACCA.

The government argues in response that, as the district court concluded, attempted burglary is every bit as much a violent felony as burglary itself. *See* Rec., vol. I, doc. 7 at 4. The government maintains further that the information underlying Mr. Permenter's conviction for attempted burglary alleged that he attempted to break and enter a building, Dice's Mobile Homes, by prying open the rear door, and was only prevented from completing the crime by the arrival of the police. Brief of Plaintiff–Appellee at 4. The government contends that under this construction of the underlying information, Mr. Permenter's conviction for attempted burglary in Oklahoma can properly be counted toward enhancement under either: (1) the burglary provision; or (2) the "otherwise" clause.

The first contention is disposed of easily. The Supreme Court has recently defined burglary for purposes of section 924. "[A] person has been convicted of burglary ... if he is convicted of *any crime* ... having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990) (emphasis added). As discussed in some detail in *United States v. Barney,* 955 F.2d 635 (10th Cir.1992), *Taylor* re-

quires categorical analysis of the statute under which a proffered conviction is obtained. If the statute, on its face, defines burglary more broadly than *Taylor*, "then a conviction obtained under [that] statute may not, except in narrowly defined circumstances, be counted toward enhancement." *Barney*, 955 F.2d at 638.

■ Mr. Permenter was convicted under the Oklahoma attempt statute, Okla.Stat. tit. 21, § 42 (1991). That statute provides: "Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable...." *Id.* Because "any act" may count, a defendant may be found guilty of attempted burglary for merely "casing" the targeted structure. *See Strahl*, 958 F.2d at 986. Thus, *Taylor*'s requirement of "unlawful or unprivileged entry" is not met on the face of the Oklahoma attempt statute. Moreover, the definition of the object offense, Okla.Stat. tit. 21, § 1435, includes automobiles in its list of structures and is therefore impermissibly broad. *Barney*, 955 F.2d at 639. Indeed, this court has previously concluded that Congress did not intend to include attempted burglary within the definition of burglary in section 924(e). *Strahl*, 958 F.2d at 986. Like the Utah statute at issue in *Strahl*, the Oklahoma attempt statute does not fulfill *Taylor*'s categorical requirements, and convictions obtained under that statute may not serve as the predicate for an enhanced sentence under the ACCA.

■ *Barney* establishes that a court may look to the underlying information to determine whether a conviction obtained under an overly broad statute may nonetheless be counted toward enhancement. 955 F.2d at 639–40. Here, this possibility does not support the district court's conclusion. Even under the government's construction, the information does not allege

that Mr. Permenter entered Dice's Mobile Homes.[1] As a consequence, the information does not "establish, without question, that the conviction fulfills the elements required by *Taylor*" and the conviction may not be counted, as burglary, toward enhancement under section 924(e). *Id.* at 640 n. 4.

The other question on this issue, however, is whether the "otherwise" clause of section 924(e) creates a road map for evasion of the strictures created by *Taylor*. The government contends that the information supports the district court's conclusion that Mr. Permenter's attempt presented a "serious *potential* risk of physical injury," 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added), and can therefore properly be counted toward enhancement. In *Strahl*, however, we did not look beyond the relevant statutory language in discussing Mr. Strahl's prior conviction for attempted burglary in Utah, nor did we remand for further consideration of the attempted burglary conviction.

■ *Taylor*'s reading of section 924(e)'s legislative history indicates that Congress did not intend sentencing courts to undertake an inquiry into the particulars of each proffered conviction. "There was considerable debate over what kinds of offenses to include and how to define them, but no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case." 110 S.Ct. at 2159. Thus, *Taylor* requires purely categorical statutory analysis of convictions offered to support enhancement. A sentencing court is required to focus on the statutory elements of a given crime, rather than on the means by which a particular offense was committed.

Our decision in *Barney* to permit reference to the information supporting a conviction to determine whether it comports with the *Taylor* definition of burglary is

---

1. The information charges that:
   [T]he crime of attempted burglary in the second degree was feloniously committed ... by Charles Martin Permenter who wilfully and knowingly attempted to break and enter a

building, known as Dice's Mobile Homes ... by prying open rear door ... but was prevented from completing the act by arriving of police officers....
Rec., vol. I, doc. 6 at ex. E.

not a general license to abandon the categorical rule. Burglary is specifically enumerated as a predicate offense by the enhancement statute, and it is specifically defined by *Taylor*. Reference to the supporting information serves only to determine whether that definition is met by a specific conviction. In other words, a court looks behind the fact of conviction to determine whether a defendant was actually convicted of "burglary." *See United States v. Doe*, 960 F.2d 221, 224 (1st Cir. 1992). There is no similar definition governing the "otherwise" clause, and no means by which to control the inquiry and prevent it from becoming the kind of factual investigation that *Taylor* sought to avoid. *See* 110 S.Ct. at 2158–60.

Any approach to the "otherwise" clause other than purely categorical analysis would distort congressional intent. It is thus not surprising that no court has yet been willing to go beyond categorical consideration of a proffered statute to determine whether a conviction for a non-enumerated offense should be counted toward enhancement under the "otherwise" clause.

> We do not view the "otherwise" clause as an indication by Congress of its intention to abandon the categorical approach it uses throughout the section in favor of one that requires courts to examine individual acts in the case of the unspecified offenses; rather we construe it as an attempt to set forth a general description that serves to expand the intended categories beyond the four explicitly listed.

*United States v. Sherbondy*, 865 F.2d 996, 1008 (9th Cir.1988) (emphasis added).

Nevertheless, the government relies on two Sixth Circuit cases in support of its position. *See United States v. Fish*, 928 F.2d 185 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991); *United States v. Lane*, 909 F.2d 895 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 977, 112 L.Ed.2d 977 (1991). Both of those cases apply the categorical approach to attempted burglary convictions and hold that such convictions fulfill the "otherwise" clause and may therefore be counted toward enhancement. Neither of the cases

goes beyond the fact of conviction to consider the particulars of the prior offenses offered by the government in support of sentence enhancement.

In *Lane*, the court decided that attempted "burglary in Ohio 'presents a serious risk of physical injury to another' because the burglary statute requires the actual or likely presence of a person in the burglarized structure." 909 F.2d at 903. That Mr. Lane never actually entered the building did not matter to the Sixth Circuit; "[t]he fact that Lane did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary." *Id.* *Fish* merely follows *Lane*. *See Fish*, 928 F.2d at 188. In *Strahl*, we reversed a district court's enhancement of a defendant's sentence because of its reliance on a prior Utah conviction for attempted burglary. We noted that Congress did not include attempted burglary among its list of specified felonies, and while acknowledging that the "otherwise" clause could apply, we specifically declined to extend it to attempted burglary. 958 F.2d at 986. "[T]hese offenses *do not necessarily present circumstances* which create the high risk of violent confrontation inherent in a completed burglary." *Id.* Thus, this circuit has already rejected the approach adopted in *Lane* and *Fish*. *See United States v. Weekley*, 790 F.Supp. 223, 228 (E.D.Wash. 1992).

The Fifth Circuit has likewise rejected those cases and held that attempted burglary convictions may not properly be counted toward enhancement under section 924(e). *See United States v. Martinez*, 954 F.2d 1050, 1054 (5th Cir.1992). After noting that the legislative history does not support equating attempted burglary with burglary, *id.* at 1053, the court addressed the potential applicability of the "otherwise" clause. As in Oklahoma, a person can be convicted of attempted burglary in Texas for conduct that does not involve contact or potential contact with another person. Consequently, the court concluded that "the crime of attempted burglary simply cannot be said to present the sort of categorical danger of serious risk of injury to

others that is required to count an offense as a 'violent felony.'" *Id.* at 1054 n. 3. The court did not consider the charging papers or informations supporting Mr. Martinez's convictions. *Id.* at 1053.

The Oklahoma attempt statute reflects the specific judgment of the state legislature that a conviction for attempt is not of the same gravity as a conviction for the completed crime. A person convicted of second degree burglary in Oklahoma must be sentenced to at least two years in prison and may be sentenced to as many as seven years. Okla.Stat. tit. 21, § 1436. In contrast, a person convicted of attempted second degree burglary, like Mr. Permenter, may be punished "for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted." *Id.* § 42.1. This difference in prescribed punishment suggests that allowing an attempt conviction to count toward enhancement under the "otherwise" clause of section 924(e) would allow the catch-all language at the end of the statute to subvert the purposes of the categorical rule.

■ *Lane, Strahl, Fish,* and *Martinez* all reach conclusions about the permissibility of counting an attempted burglary conviction toward enhancement without reference to the documents underlying a particular conviction. *Weekley* directly considers the question of whether such reference is permissible, and decides, for reasons similar to those set forth above, that it is not. 790 F.Supp. at 226. In this case, we follow *Strahl* and hold that the district court's reliance on Mr. Permenter's prior conviction for attempted burglary was improper.

## II.

■ Mr. Permenter also contends that enhancement of his sentence was improper because two of the convictions relied on by the government were entered in one proceeding. Mr. Permenter acknowledges that this argument flies in the face of our holding in *Bolton*, 905 F.2d at 323, that section 924(e) requires only that the felonies be committed on " 'occasions different from one another.'" That requirement is met here. Since *Bolton*, in this respect, is indistinguishable from the case before us, we are bound to follow it. *See United States v. Perez*, 959 F.2d 164, 168 (10th Cir.1992) (a panel cannot overrule circuit precedent).

Because we decide above that Mr. Permenter's prior conviction for attempted burglary may not properly be counted toward enhancement under the ACCA, enhancement is no longer permissible. Without the attempted burglary conviction, Mr. Permenter has only two prior convictions that may count toward enhancement and the statute requires three. As a result, we REVERSE the decision of the district court and REMAND for resentencing in accordance with this opinion.