**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul Ferdin MARTINEZ,**
**Defendant–Appellant.**

No. 91–5606.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1992.

Lucien B. Campbell, Federal Public Defender, P. Joseph Brake, Henry J. Bemporad, Asst. Federal Public Defenders, San Antonio, Tex., for defendant-appellant.

Ronald F. Ederer, Richard L. Durbin, Jr., U.S. Attys., Gregory D. Anderson, LeRoy M. Jahn, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, Chief Judge, and KING and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Raul Ferdin Martinez appeals from the sentence imposed by the district court upon his plea of guilty to one count of being a convicted felon in possession of a firearm. The district court ruled that certain prior felony convictions rendered Martinez subject to a sentence enhancement provision, and sentenced Martinez to fifteen years in prison. Martinez contends that the sentence enhancement provision does not apply to him, and that he must be resentenced. Finding merit in Martinez' contentions, this Court will vacate the sentence imposed by the district court and remand for resentencing.

## I. Facts and Procedural History

On April 28, 1990 Martinez was stopped and arrested by San Antonio police officers on outstanding felony warrants. At the time of his arrest he voluntarily informed the officers that he had a sawed-off shot-gun under the front seat of his car. In August 1990 a grand jury returned a two count indictment charging Martinez with 1) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and 2) possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Pursuant to a plea agreement Martinez pled guilty to the first count, and the Government dismissed the second count of the indictment. The federal sentencing guidelines indicate a guideline sentence of twenty-four to thirty months for an offender at Martinez' offense level and with his criminal history score.

The Government, however, filed an enhancement information alleging that Martinez was subject to the sentence enhancement provisions of 18 U.S.C. § 924(e), which provides that any defendant convicted of certain crimes involving firearms who has also been convicted of at least three other violent felonies shall be subject to a minimum prison term of fifteen years. The enhancement information filed by the Government identified three prior felony convictions for Martinez, all in Texas state courts—one conviction for burglary and two convictions for attempted burglary. Martinez moved to dismiss the information on the ground that his prior convictions for attempted burglary did not qualify as "violent felonies" within the meaning of § 924(e)(1). The district court denied the motion and sentenced Martinez to fifteen years, a three-year term of supervised release, and a special assessment of $50. Martinez appeals, arguing that the district court erred[1] in applying the sentence enhancement provisions to him.

## II. Discussion

### A. The Definition of Violent Felonies

The question presented is whether Martinez' prior convictions for attempted burglary qualify as "violent felonies" within

---

[1]. It is clear that the district court's error, if any, is an error of law—that is, the error is in the interpretation of § 924(e). Accordingly, this Court reviews the district court's judgment *de novo*. *United States v. Reyes–Ruiz,* 868 F.2d 698, 701 (5th Cir.1989). *See also United States v. Tisdale,* 921 F.2d 1095, 1098 (10th Cir.1990) (interpretation of § 924 reviewed *de novo*).

the meaning of 18 U.S.C. § 924(e)(1).[2] Any attempt to answer this question must begin with § 924(e)(1) itself and its accompanying definitions.

Section 924(e)(1), the enhancement provision, provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years. . . .

18 U.S.C. § 924(e)(1) (West Supp.1991). Section 924(e)(2)(B) defines the term "violent felony":

> As used in this subsection the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

18 U.S.C. § 924(e)(2)(B) (West Supp.1991).

Under the terms of these statutes there are three ways Martinez' prior convictions for attempted burglary might be found to be "violent felonies": 1) under part (i) of § 924(e)(2)(B), the offense might have as an element the use, or attempted or threatened use, of physical force against another person; 2) under part (ii) of § 924(e)(2)(B), the offense could be burglary, arson, extortion, or involve the use of explosives; or 3) also under part (ii) of § 924(e)(2)(B), the offense could otherwise involve conduct that presents a serious potential risk of physical injury to another.

The first of these options is not at issue here. The Government does not contend that Martinez' convictions for attempted

burglary include such an element of physical force, and for good reason. Texas law, under which Martinez was convicted, clearly does not require proof of the use or threat of physical force in order to convict a defendant of attempted burglary. *See* Tex.Penal Code Ann. §§ 15.01, 30.02 (Vernon 1991). Accordingly, there simply is no room to argue that Martinez qualifies for sentence enhancement under § 924(e)(2)(B)(i).

Rather, the Government argues that Martinez' prior convictions for attempted burglary can be counted as violent felonies under either of the two standards established in part (ii) of § 924(e)(2)(B). First, the Government argues that Martinez' prior convictions for attempted burglary actually may be considered to be equivalent to convictions for burglary, which is one of the offenses specifically identified as warranting enhancement. Second, the Government argues that even if a conviction for attempted burglary is not equivalent to a conviction for burglary under § 924(e), attempted burglary nonetheless "presents a serious potential risk of physical injury to another," and therefore warrants enhancement under the final catch-all language of part (ii). We address the Government's arguments in turn.

### B. *Burglary versus Attempted Burglary*

◼ The Government's argument that Martinez' prior convictions for attempted burglary should actually be considered to be convictions for burglary is without merit. A conviction for attempted burglary is not equivalent to a conviction for burglary. For purposes of § 924(e), "burglary" is defined as follows:

> a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in,

---

2. There is no question that Martinez' prior conviction for burglary qualifies as a "violent felo-   ny."

a building or structure, with intent to commit a crime.

*Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). In attempting to demonstrate that a prior conviction meets this definition, the Government may show either 1) that the statute under which the defendant was convicted required proof of these elements, or 2) that the charging papers filed against the defendant alleged, and the jury instructions required the jury to find, that the defendant's conduct included the necessary elements. *Taylor,* 110 S.Ct. at 2160.

Here the Government has not succeeded on either count. For one thing, the Government has not shown that in Texas a conviction for attempted burglary requires proof of "the basic elements of unlawful or unprivileged entry into or remaining in a building or structure with intent to commit a crime." Indeed, the Texas Court of Criminal Appeals has specifically held that under Texas law the offense of attempted burglary does not require that the offender enter (or remain in) a building or structure; rather, any act amounting to more than mere preparation that tends but fails to effect a burglary constitutes attempted burglary.

> [A]cts which "tend to intrude" [into a building or habitation] are not necessarily required. An accused could be convicted [of attempted burglary] as long as the alleged acts "tended to effect the commission of a burglary." Thus, the emphasis is not necessarily on entry but on acts which tend to effect the commission of a burglary.

*Molenda v. State,* 715 S.W.2d 651, 653 (Tex.Crim.App.1986) (quoting *McCravy v. State,* 642 S.W.2d 450, 459 (Tex.Crim.App. 1982)) (emphasis deleted). *See also* Tex.Penal Code Ann. §§ 15.01, 30.02. Thus, the fact that Martinez was convicted of attempted burglary does not demonstrate, as a matter of law, that those convictions included the essential elements of entry into a building, as Martinez could have been convicted of attempted burglary even if he did not enter any building or habitation.

In addition, the Government has not shown, by means of the charging papers or jury instructions from Martinez' prior con-

victions for attempted burglary, that entry into or remaining within a building was an element of Martinez' prior crimes. Indeed, the Government did not offer the charging papers or jury instructions from Martinez' prior convictions. In sum, the Government has not demonstrated that Martinez' prior convictions for attempted burglary satisfy the requirements of convictions for burglary. Thus, it is not proper to invoke the sentence enhancement provision on the basis that his prior convictions for attempted burglary are equivalent to convictions for burglary.

### C. *The Risks of Attempted Burglary*

█ Finally, the Government contends that Martinez' previous convictions for attempted burglary should be counted as violent felonies under the catch-all language in § 924(e)(2)(B)(ii) that includes any offense which "presents a serious potential risk of physical injury to another." *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Government argues by analogy here. That is, the Government argues that the crime of attempted burglary presents the same serious potential risk of physical injury to another—the same quantum of danger—presented by the crime of burglary. Thus, the Government's argument goes, because burglary is expressly designated as a crime which presents a serious potential risk of physical injury to another, attempted burglary should be similarly regarded. We must reject this argument as well, for two reasons.

First, if Congress had wished to include attempted burglary as an offense warranting sentence enhancement, it easily could have done so. Section 924(e) explicitly mentions burglary; if Congress believed that the attempt should be treated the same way as the crime itself, it could have said so with virtually no effort. The Government, however, presents no argument from the legislative history that the Congress even *considered including* the crime of attempted burglary—or any other attempt—when it was considering § 924(e).

Second, because attempted burglary does not require entry into a building or habitation, it simply does not present the same degree of danger that is presented by bur-

glary. As the Supreme Court explained in *Taylor,* "Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion [in § 924(e)] as a predicate offense ... because of its inherent potential for harm to persons." 110 S.Ct. at 2152–53. This inherent potential for harm derived directly from

> [t]he fact that an offender *enters a building to commit a crime*[, which] often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender's own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape.

*Id.* at 2153 (emphasis added). As noted above, however, attempted burglary does not require that the offender enter the building; accordingly, while attempted burglary does indeed present some risk of potential harm, that risk simply does not rise to the same level of risk presented by burglary.

The Government relies on two cases from our colleagues on the Sixth Circuit which have held that burglary and attempted burglary do present the same potential for injury. *See United States v. Fish,* 928 F.2d 185, 188 (6th Cir.1991); *United States v. Lane,* 909 F.2d 895, 903 (6th Cir.1990). In those cases the court held that "[t]he fact that [the defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary." *Lane,* 909 F.2d at 903. *See also Fish,* 928 F.2d at 188 (quoting *Lane*). With respect, we must disagree with the Sixth Circuit.

As noted above, under Texas law a defendant may be convicted of attempted burglary without having entered any building, and without being in the vicinity of any

building. Indeed, a defendant who had taken steps which "tended to effect the commission of a burglary" could be arrested far from the target of the burglary and still be convicted of the attempt. Thus, at least as defined by Texas law, the fact that the defendant did not complete the burglary offense does indeed reduce the potential risk of injury to others.[3] Accordingly, we hold that a conviction under Texas law for attempted burglary does not qualify as a sentence-enhancing "violent felony" under the language of § 924(e)(2)(B)(ii).

### III. Conclusion

For the reasons stated, this Court holds that Martinez' prior convictions for attempted burglary do not qualify as violent felonies under any of the standards set forth by § 924(e) and therefore may not be used to enhance his sentence. Accordingly, the sentence imposed by the district court is vacated and the case is remanded for resentencing in accordance with the federal sentencing guidelines.

**VACATED AND REMANDED.**

---

**3.** The Government does not argue that even if attempted burglary presents a lower level of danger than burglary, attempted burglary is still dangerous enough to qualify as an offense that "presents a serious potential risk of injury" to others. If the Government were to raise such an argument, however, we would have to reject it. As noted, under Texas law a defendant could be convicted of attempted burglary long before he encountered any other person—he could commit the crime in virtual solitude. Thus, the crime of attempted burglary simply cannot be said to present the sort of categorical danger of serious risk of injury to others that is required to count an offense as a "violent felony."