**UNITED STATES of America, Appellant,**

v.

**Leonard M. PAYNE, Defendant, Appellee.**

**No. 91–2020.**

United States Court of Appeals, First Circuit.

Heard Feb. 3, 1992.

Decided June 3, 1992.

Despena Fillios Billings, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for U.S.

Martin D. Boudreau with whom Boudreau, Burke & McMenimen, Boston, Mass., was on brief, for defendant, appellee.

Before CYR, Circuit Judge, COFFIN and CAMPBELL, Senior Circuit Judges.

LEVIN H. CAMPBELL, Senior Circuit Judge.

This appeal presents two questions under the "Armed Career Criminal Act" (the "Act"), 18 U.S.C. § 924(e). Holding that, for purposes of sentence enhancement under the Act, the sentence imposed for a previous crime may be used to resolve uncertainties about the maximum sentence allowable for that crime, and that an attempt to violate Mass.Gen.Laws Ann. ch. 266, § 17 or 18 is a "violent felony," we vacate the sentence imposed by the district court and remand for resentencing.

## I.

Defendant Leonard Payne was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government moved for sentencing under the Act, which provides that a defendant who is convicted of certain crimes and has three previous convictions for a "violent felony" receives a mandatory minimum sentence of fifteen years' imprisonment

without possibility of parole. *See* 18 U.S.C. § 924(e). Payne concedes that he has two previous convictions for violent felonies. At issue is whether either of two convictions for attempted breaking and entering constitutes the third violent felony necessary for sentencing under the Act.[1]

Payne's attempt convictions are evidenced by the records of the District Court of East Norfolk, in Norfolk County, Massachusetts. The court records consist of criminal complaint forms with blank spaces in which are typed references to the specific offenses at issue. Typed at the top of the first is "C274 S6," a reference to the Massachusetts attempt statute, Mass.Gen. Laws Ann. ch. 274, § 6. On the first page is typed, below the term "COMPLAINT," "Attempt to break and enter in the Daynight [sic]."[2] On the second page is typed the following:

> Payne ... [d]id attempt to break and enter a certain building in said Milton, [Massachusetts,] of Theresa Kealey, in the daytime, with intent therein to commit larceny, and in such attempt did pry open a window of said building, but was intercepted and prevented in the execution of said attempted offence[.][3]

The record of the second conviction is similar, but it appears not to cite to the attempt statute.

Neither document indicates which of three potentially applicable Massachusetts statutes delineates the crime upon which Payne's attempt convictions were based. *See* Mass.Gen.Laws Ann. ch. 266, §§ 16A, 17 and 18. Of those three statutes, two allow penalties of up to ten years in prison, but one allows a maximum penalty of only six months in prison. *See* Mass.Gen.Laws Ann. ch. 266, §§ 17 and 18 (maximum penalty up to ten years in prison); § 16A (maximum penalty up to six months in prison).

---

1. A "violent felony" is defined in relevant part as
   > any crime punishable by imprisonment for a term exceeding one year ... that—
   >
   > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B).

2. The term "Daynight" is written by hand above the typed term "nighttime," the latter having been crossed out.

3. The term "daytime" is written by hand above the typed term "nighttime," the latter having been crossed out.

Both documents contain a number of handwritten notations which, the district court found, were docket entries indicating that, on each charge, Payne had been convicted and received a one year suspended sentence.

Because of the failure of the state court record to specify the breaking and entering statute on which the attempt convictions were based, the court below ruled that Payne's breaking and entering convictions were not punishable by imprisonment for more than one year. The court stated at the sentencing hearing that, under *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), it could not consider "case specific data" but rather was limited to considering the "fact of conviction itself." The court below acknowledged that the docket entries showing that Payne received, on each charge, a one year suspended sentence, precluded his having been sentenced under Mass.Gen.Laws Ann. ch. 266, § 16A, with its six months' maximum. Therefore, but for *Taylor*, the court said it would have deduced that the convictions were based on one of the other two breaking and entering statutes, both of which are punishable by more than one year's imprisonment.[4] *Taylor*, however, in the court's view, prevented it from making a deduction based on the actual sentence.

In addition, the court below found that the two attempts for which Payne was convicted did not involve "conduct that presents a serious potential risk of physical injury to another....", 18 U.S.C. § 924(e)(2)(B)(ii). This court held in *United States v. Patterson*, 882 F.2d 595 (1st Cir. 1989), *cert. denied*, 493 U.S. 1027, 110 S.Ct. 737, 107 L.Ed.2d 755 (1990), that substantive convictions under Mass.Gen.Laws Ann. ch. 266, § 16 (another breaking and entering statute) and § 18 fell within this definition because of the possibility that violence could erupt from a confrontation between the perpetrator and some innocent party. The district court distinguished *Patterson*, holding that, in the case of an attempt, any confrontation was less likely to result in violence because an attempt does not require that the perpetrator actually enter a building.

For these reasons, the district court refused to sentence Payne under the Armed Career Criminal Act. We vacate the sentence and remand for resentencing.

## II.

### A. *Potential Term of Imprisonment*

■ In Massachusetts, the maximum sentence for an attempt depends on the underlying crime. *Infra.* Because nothing in the record explicitly states what breaking and entering crime Payne attempted to commit, we cannot tell from the record of conviction alone whether Payne's offense was punishable by more than a year's imprisonment. Nevertheless, the latter fact can readily be ascertained by reference to Payne's actual sentence—and, unlike the district court, we find nothing in *Taylor* to prohibit that reference.

In *Taylor*, the Supreme Court held that, in determining whether a crime is a "violent felony" under § 924(e), a court may not consider the actual circumstances underlying the prior conviction. Rather, § 924(e)

> mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses and not to the particular facts underlying those convictions.

*Taylor*, 110 S.Ct. at 2159. However, the Court also held that, in certain cases, some factual data could be considered. After concluding that "burglary" as used in the Act required entry of a building, the Court said:

> This categorical approach ... may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, in a State

---

**4.** Neither the district court nor the parties referred to the special Massachusetts statute punishing an attempt somewhat differently from the underlying offense, although by reference thereto. Mass.Gen.Laws Ann. ch. 274, § 6, *infra.* Either way, however, the deduction works. *Infra.*

whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

110 S.Ct. at 2160.

Interpreting *Taylor*, this court has held that, where a statute defines more than one crime, a sentencing court may look to sources other than the "indictment or information and jury instructions" to determine which crime was in fact at issue. *United States v. Harris*, 964 F.2d 1234, 1236 (1st Cir.1992) (looking to information in presentence report where defendant had pleaded guilty to earlier crime). *See also United States v. Bregnard*, 951 F.2d 457, 460 (1st Cir.1991) (also looking to presentence report).

It is entirely consistent with these principles to use the actual sentence imposed to determine whether Payne's attempt conviction was punishable by more than a year's imprisonment. The sentence is used only to determine what crime Payne was charged with attempting to commit, in order to determine—from the statute itself—the maximum punishment for that crime. That is entirely different from inquiring into the particular circumstances giving rise to the conviction. *Compare United States v. Doe*, 960 F.2d 221 (1st Cir.1992) (refusing to consider that defendant had possessed a firearm *while lying in wait for an enemy* for purpose of determining if crime of "felon in possession of a firearm" is a "violent felony").

Moreover, in addition to conforming to *Taylor*'s "categorical approach," consideration of the sentence for this purpose gives rise to none of the practical problems noted in *Taylor*. Where a criminal sentence is set forth in reliable court papers, there is no need to embark upon the evidentiary hearings or other fact-finding which the Court found in *Taylor* could be problematic. *See* 110 S.Ct. at 2159–60.

■ Since the federal court may consider the sentence actually imposed, we turn next to what conclusions may properly be drawn from the sentence here. The Massachusetts attempt statute provides that a party convicted of an attempt may be sentenced:

> Second, by imprisonment in the state prison for not more than five years or in a jail or house of correction for not more than two and one half years, if he attempts to commit a crime ... punishable by imprisonment in the state prison for life or for five years or more.

> Third, by imprisonment in a jail or house of correction for not more than one year ..., if he attempts to commit a crime ... punishable by imprisonment in the state prison for less than five years or by imprisonment in a jail or house of correction or by a fine.

Mass.Gen.Laws Ann. ch. 274, § 6. The sentences for the underlying crimes potentially at issue are 1) "imprisonment for not more than six months" under § 16A, 2) "imprisonment in the state prison for not more than ten years" under § 17, and 3) "imprisonment in the state prison for not more than ten years or ... imprisonment in jail for not more than two years" under § 18.

Because Payne was actually sentenced to one year on each charge[5], it may be inferred from this sentencing scheme that Payne's crimes were limited to ones potentially punishable by more than one year's imprisonment, namely, attempts to violate either § 17 or 18. Payne would not have received a one year sentence if he had been convicted of attempting to violate § 16A. We recognize that under the literal language of the attempt statute, Payne arguably could have received up to a year for attempted breaking and entering under

---

**5.** Without raising the issue in his brief, Payne suggested at argument that the state court may have originally imposed a six month sentence on each charge, raising the sentence to a year on each charge only after Payne violated probation. However, the documents both indicate that a one year sentence was imposed on each charge before the probation violation.

§ 16A, even though, had he committed the substantive offense under 16A, his maximum exposure was but six months. But we think a reasonable reading of § 6 of chapter 274 would necessarily limit the punishment for an attempt to the maximum sentence for the substantive crime, any other interpretation being absurd. We deduce, therefore, like the court below, that Payne's attempt conviction was not based on § 16A, but rather was based on § 17 or 18. Because those statutes provide for penalties of up to ten years in the state prison, the maximum sentence for an attempt to commit either crime would be five years.

### B. *Risk of Injury*

In addition to being punishable by more than a year's imprisonment, Payne's attempted breaking and entering conviction falls within the provision of § 924(e) defining "violent felony" as a crime that

> is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B)(ii). In *United States v. Patterson*, 882 F.2d 595 (1st Cir. 1989), this court held that two Massachusetts breaking and entering crimes (Mass. Gen.Laws Ann. ch. 266, §§ 16 and 18) fell within the "otherwise" clause of this statute.[6] This holding was based on our view that "while a burglary may start out as a nonviolent crime, the burglar may resort to violence if someone is on the premises or appears there while the burglary is in progress." *Patterson*, 882 F.2d at 604.

So far as the risk of injury is concerned, we see little distinction between an attempted breaking and entering under § 17 or 18 and a completed breaking and entering under § 16 or 18. In all of these cases the risk of injury arises, not from the completion of the break-in, but rather from the possibility that some innocent party may appear on the scene while the break-in is

occurring. This is just as likely to happen before the defendant succeeds in breaking in as after. Indeed, the possibility may be at its peak while the defendant is still outside trying to break in, as that is when he is likely to be making noise and exposed to the public view. *See United States v. Lane*, 909 F.2d 895, 903 (6th Cir.1990) ("[t]he fact that [defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary"), *cert. denied*, — U.S. —, 111 S.Ct. 977, 112 L.Ed.2d 977 (1991).

Payne argues that any confrontation is more likely to result in violence if it occurs while the perpetrator is inside a building, as he is then likely to have no easy way out and to cause greater alarm to whomever he confronts. While this may or may not be true, the fact remains that there is a serious risk of confrontation while a perpetrator is attempting to enter the building. Such a confrontation is sufficiently likely to result in violence so that the rationale of *Patterson* applies to the attempted breaking and entering at issue here.

We are aware that the Fifth Circuit has reached a contrary result. *See United States v. Martinez*, 954 F.2d 1050 (5th Cir. 1992) (attempted burglary under Texas law is not a "violent felony" under either "burglary" or "otherwise" provisions of § 924(e)). However, we decline to follow the Fifth Circuit. We do not agree with its reasoning that, because Congress had explicitly placed the term "burglary" in the Act without mentioning "attempted burglary," it was unlikely that Congress considered attempted burglary to be a violent felony. *Id.* at 1053. This reasoning is at odds with the very purpose of the "otherwise" clause—to define as violent felonies a number of offenses not specifically mentioned. *See Taylor*, 110 S.Ct. at 2159, n. 9 ("[t]he Government remains free to argue that any offense—*including offenses sim-*

---

**6.** Because of the uncertainty then existing as to the definition of "burglary" as used in § 924(e)(2)(B)(ii), we held that those statutes fell within the "otherwise" clause, without deciding whether they were "burglary." 882 F.2d at

604. Similarly, in this case, we hold that Payne's attempted breaking and entering convictions are violent felonies under the "otherwise" clause and do not consider whether they could also be considered "burglary."

*ilar to generic burglary* should count toward enhancement [under the "otherwise" clause]") (emphasis added).

The present case, moreover, is distinguishable from *Martinez* because of a significant difference between Massachusetts and Texas law. *Martinez* was based largely on the Fifth Circuit's view that, in Texas, an attempted burglary does not present a serious risk of injury because the crime does not require the perpetrator to get close enough to the premises to present a risk of confrontation. The court held that

> under Texas law a defendant may be convicted of attempted burglary without having entered any building, and without being in the vicinity of any building. Indeed, a defendant who had taken steps which "tended to effect the commission of a burglary" could be arrested far from the target of the burglary and still be convicted of the attempt.

954 F.2d at 1054. Thus, the court concluded that "at least as defined by Texas law, the fact that the defendant did not complete the burglary offense does indeed reduce the potential risk of injury to others." *Id.*

In Massachusetts, however, the line between non-criminal conduct and an attempt is such that it is very unlikely that a defendant could be convicted of attempted breaking and entering without coming close enough to the intended premises to risk a confrontation. The elements of an attempt in Massachusetts are "an intention to commit the underlying offense" and "an overt act toward its commission." *Commonwealth v. Ortiz*, 408 Mass. 463, 470, 560 N.E.2d 698 (1990). Although there is no bright line rule as to what constitutes an overt act, the Supreme Judicial Court of Massachusetts recently held that a defendant could not be convicted of attempted assault and battery with a dangerous weapon where he and an accomplice had placed a loaded firearm in the front seat of an automobile and gone in search of an enemy, driving through the enemy's neigh-

borhood. *Id.* The reasoning in *Ortiz* thus suggests that procuring burglary tools and setting out for certain premises, for example, might not constitute overt acts sufficient for an attempted breaking and entering. Rather, an overt act would seemingly have to involve conduct closer to completing the offense, for example coming onto the premises and being scared off or trying and being unable to break the lock. Thus, under Massachusetts law, there seems little difference between the risk of confrontation due to an attempt and that due to a completed breaking and entering. In both cases, the defendant will have come close enough to someone else's premises to risk a confrontation likely to result in violence.[7]

The sentence imposed by the district court is vacated, and the case is remanded to the district court for sentencing pursuant to 18 U.S.C. § 924(e).

*So ordered.*

---

**7.** The complaint in the present case indicates that defendant was in fact charged, in the course of the attempt, with prying "open a window of said building, but was intercepted and prevented in the execution of said attempted offense."