**UNITED STATES of America**

v.

**Steven J. O'BRIEN, Appellant.**

**No. 91–5800.**

United States Court of Appeals, Third Circuit.

Argued May 19, 1992.

Decided Aug. 4, 1992.

---

48

Before: HUTCHINSON, COWEN, and GARTH Circuit Judges.

## OPINION OF THE COURT

ROBERT E. COWEN, Circuit Judge.

In this appeal, we must decide whether a conviction for attempted breaking and entering at nighttime is a "violent felony" within the purview of 18 U.S.C. § 924(e) (1988 & Supp. II 1990). We conclude that such a conviction is a violent felony, and will affirm the judgment of sentence imposed by the district court.

### I.

Appellant Steven J. O'Brien was arrested in March 1991 and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (1988 & Supp. II 1990). O'Brien initially entered a plea of not guilty, but following the execution of a plea agreement with the government, he changed his plea to guilty in May 1991. The government then sought an enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides for a mandatory fifteen year prison sentence for a defendant who possesses a firearm and has three prior convictions for violent felonies or serious drug offenses.[1]

The government alleged that O'Brien's criminal history included three prior convictions which could serve as predicate offenses under the ACCA: 1) attempted breaking and entering in the nighttime in December 1975 in the District Court of Somerville, Massachusetts; 2) burglary in April 1977 in the Court of Common Pleas of Dauphin County, Pennsylvania; and 3) robbery and aggravated assault in January 1979 in the Court of Common Pleas of Dauphin County, Pennsylvania. The plea agreement stated that if O'Brien provided substantial assistance to the government,

James J. West, U.S. Atty., Dennis C. Pfannenschmidt, Asst. U.S. Atty. (argued), Harrisburg, Pa., for appellee.

Robert B. MacIntyre (argued), MacIntyre, MacIntyre & Blair, Harrisburg, Pa., for appellant.

1. Section 924(e)(1) states:
   In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

the government would move for a downward departure from the fifteen year minimum sentence. Prior to sentencing, the government filed such a motion and requested the imposition of a ten year sentence. In September 1991, the district court granted the motion and imposed a sentence of ninety months. O'Brien appeals the imposition of the fifteen year enhancement.[2] Had the enhancement not been imposed, O'Brien would have received a sentence of eighteen to twenty-four months under the Sentencing Guidelines (criminal history category six and offense level eight). U.S. Sentencing Comm'n, *Guidelines Manual,* Ch. 5, Pt. A (Nov. 1991).

## II.

O'Brien contends that the December 1975 conviction for attempted breaking and entering in Massachusetts did not constitute a predicate offense under the ACCA, and thus, the district court erred in imposing the fifteen year enhancement. A predicate offense can be either a violent felony or a serious drug offense. Only the former is applicable to the case before us:

> (B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is *burglary,* arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* ...

18 U.S.C. § 924(e)(2) (emphasis added). Thus, attempted breaking and entering could be considered a "violent felony" if: 1) it is considered a "burglary"; or 2) it is considered to "involv[e] conduct that presents a serious potential risk of physical injury to another." We believe the latter of these two possibilities, which courts have termed a "catch-all provision," is the more likely possibility.

In analyzing whether a prior conviction can serve as a predicate offense under the ACCA, we can look "at the fact of conviction and the statutory definitions of the prior offenses for which the defendant has been convicted, but not to the particular facts underlying those convictions." *United States v. Preston,* 910 F.2d 81, 85 (3d Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1002, 112 L.Ed.2d 1085 (1991). When necessary, our analysis can also include the indictment or information papers, the jury instructions in the prior conviction, and the certified record of conviction. *Id.*

In this case, the charging document alleged that O'Brien "did attempt to break and enter in the nighttime with intent to commit a felony, to wit, larceny in a building, and in such attempt, did open a skylight in said building owned by Edward Savage, and did fail in the perpetration of said attempted offense." Gov't Br. at 10. The crime of breaking and entering a building at nighttime with intent to commit a felony is punished in Massachusetts under the following statute:

> Whoever, in the night time, breaks and enters a building, ship, vessel or vehicle, with intent to commit a felony, ... whether he succeeds or fails in the perpetration of such ... felony, shall be pun-

---

**2.** At the time of sentencing, there appeared to be a question of whether O'Brien's attorney was waiving his objection to the imposition of the fifteen year sentence under the ACCA:

> THE COURT: Do I gather, Mr. MacIntyre, that ... you no longer contest the fact that the three crimes fall within the Armed Career Criminal Act?
>
> MR. MACINTYRE: My problem with that, Your Honor, is accepting the definition that applies as to what would be classified as a felony. This state misdemeanor falls under that definition. Whether or not it specifically falls within the terms of being a crime of

violence, I don't think I have completely satisfied myself of that—the specific factual nature of the case.

> THE COURT: It is probably a moot question in light of the government's motion at this time. Although I might indicate that I did find a case which indicated that an attempt, breaking and entering was not a violent crime.

App. at 10–11. We believe this exchange did not constitute a waiver by O'Brien's attorney, and thus we will address the issue raised in O'Brien's appeal.

ished by imprisonment in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one-half years.

Mass.Gen.Laws Ann. ch. 266, § 16 (West 1990). The Massachusetts law regarding attempt crimes reads as follows:

Whoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration, shall, except as otherwise provided, be punished as follows:

. . . . .

Second, by imprisonment in the state prison for not more than five years or in a jail or house of correction for not more than two and one half years, if he attempts to commit a crime ... punishable by imprisonment in the state prison for life or for five years or more.

Mass.Gen.Laws Ann. ch. 274, § 6 (West 1990). O'Brien was sentenced to three months suspended sentence and two years probation for the Massachusetts conviction.

Although the term "burglary" is not explicitly defined in the ACCA, the Supreme Court has defined the term for purposes of section 924(e) enhancement to include "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). This court has previously held that breaking and entering is considered a "burglary" within the meaning of the ACCA. *United States v. Palmer,* 871 F.2d 1202, 1208 (3d Cir.1989), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989). Our reading of the Massachusetts breaking and entering statute indicates that the statute has all the "generic" elements of burglary that were specified in *Taylor,* and thus a conviction for breaking and entering in Massachusetts can serve as a predicate offense under the ACCA. *See United States v. Patterson,* 882 F.2d 595, 604 (1st Cir.1989) (concluding that a conviction under that Massachusetts breaking and entering statute falls within

the ACCA catch-all provision of "conduct that presents a serious potential risk of physical injury to another"), *cert. denied,* 493 U.S. 1027, 110 S.Ct. 737, 107 L.Ed.2d 755 (1990).

Therefore, the only issue before us is whether *attempted* breaking and entering is a violent felony. This issue has been considered by four other courts of appeals. In *United States v. Martinez,* 954 F.2d 1050 (5th Cir.1992), the defendant had two attempted burglary convictions under Texas law which could have served as predicate offenses under section 924(e). The Court of Appeals for the Fifth Circuit found that neither conviction could be considered a violent felony, since under Texas law, the offense of attempted burglary does not require a perpetrator to enter or remain in a building; anything more than mere preparation would be sufficient. *Id.* at 1053. The court expressly rejected the government's contention that attempted burglary satisfies the catch-all provision of an offense which "presents a serious potential risk of physical injury to another." *Id.* at 1053–54.

The Court of Appeals for the Tenth Circuit adopted a similar interpretation in *United States v. Strahl,* 958 F.2d 980 (10th Cir.1992). In that case, one of defendant's three violent felonies for the purpose of section 924(e) enhancement was a Utah conviction for attempted burglary of a dwelling. The Tenth Circuit examined the legislative history of the ACCA and concluded that Congress did not intend to include attempted burglary as a violent felony when it used the term "burglary" in section 924(e)(2)(B)(ii). "If Congress intended attempted burglary to be a predicate offense, therefore, it must fall within the category of offenses which 'otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 986 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). However, the court noted that an attempted burglary conviction under Utah law would not necessarily fall under this catch-all provision, since it could result from a defendant merely making a duplicate key, "casing" the targeted build-

ing, obtaining the building's floor plans, or possessing burglary tools. *Id.* Consequently, the Tenth Circuit held that the attempted burglary conviction was not a predicate offense under section 924(e).

Two courts of appeals have ruled differently, allowing convictions for attempted breaking and entering to serve as predicate offenses under the ACCA. In *United States v. Fish,* 928 F.2d 185 (6th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 115, 116 L.Ed.2d 84 (1991), the defendant had four convictions which conceivably could have been considered violent felonies: 1) breaking and entering of an occupied dwelling; 2) breaking and entering of an unoccupied dwelling; 3) attempted breaking and entering of an occupied dwelling; and 4) attempted breaking and entering of a business place. *Id.* 928 F.2d at 187. The court held that breaking and entering, whether of an occupied or unoccupied dwelling, qualified as "burglary." *Id.* at 188. The court also concluded that the convictions for attempted breaking and entering were violent felonies, relying on the reasoning of its earlier decision in *United States v. Lane,* 909 F.2d 895 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 977, 112 L.Ed.2d 977 (1991):

> 'The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate.' The fact that [the defendant] did not complete the burglary offense does not diminish the serious potential risk of injury to another arising from an attempted burglary.

*Lane,* 909 F.2d at 903 (citation omitted).

In *United States v. Payne,* 966 F.2d 4 (1st Cir.1992), the Court of Appeals for the First Circuit examined a conviction for attempted breaking and entering under Massachusetts statutes similar to the statute at issue in the case now before us.[3] Concluding that such a conviction under Massachu-

setts law fell within the catch-all provision of section 924(e)(2)(B)(ii), the court noted:

> So far as the risk of injury is concerned, we see little distinction between an attempted breaking and entering ... and a completed breaking and entering ... In all of these cases the risk of injury arises, not from the completion of the break-in, but rather from the possibility that some innocent party may appear on the scene while the break-in is occurring. This is just as likely to happen before the defendant succeeds in breaking in as after. Indeed, the possibility may be at its peak while the defendant is still outside trying to break in, as that is when he is likely to be making noise and exposed to the public view.

*Id.* at 8. *Payne* distinguished the contrary decision in *Martinez* on the basis of differences between the respective Massachusetts and Texas statutes on breaking and entering. *Id.* at 9.

Although this court has never addressed whether attempted breaking and entering constitutes a violent felony under the ACCA, we conclude that in light of the First Circuit's decision in *Payne,* which analyzed the same Massachusetts attempt statute involved here, the enhancement imposed by the district court in this case must be upheld. In so holding, we respectfully disagree with the Fifth Circuit's decision in *Martinez* and the Tenth Circuit's decision in *Strahl.*

Our conclusion in this case is also based in large part on this court's earlier holding in *Preston* that criminal conspiracy to commit robbery is a violent felony under section 924(e)(2)(B)(i). The defendant in *Preston* argued that conspiracy could not be a violent felony since the conspiracy statute in Pennsylvania, where he had been convicted, did not specifically mention the use, attempted use, or threatened use of physical force as an element of the crime of conspiracy. This court held that criminal conspiracy to commit robbery subsumes all the elements of robbery:

---

**3.** Although *Payne* involved the same Massachusetts attempt statute (ch. 274, § 6) at issue here, the breaking and entering statutes (ch. 266, §§ 17, 18) in *Payne* dealt with entering without breaking at nighttime, and breaking and entering in the daytime.

Since the Supreme Court in *Taylor* has determined that a sentencing court can go beyond the fact of conviction and the defined elements of a non-generic burglary statute 'in a narrow range of cases where a jury was actually required to find all the elements of a generic burglary,' 110 S.Ct. at 2160, we think that a sentencing court can go beyond the general elements of criminal conspiracy in situations such as this *where the jury was required to find that a violent felony was the object of the conspiracy.* 910 F.2d at 86–8790115759 (emphasis added). We also recognized, without deciding, that such a conspiracy conviction would appear to fall within the catch-all provision of section 924(e)(2)(B)(ii). *Id.* at 87 n. 8.

Given *Preston's* holding that criminal conspiracy can be a violent felony, it necessarily follows that criminal attempt can also be a violent felony.[4] Both are preparatory offenses to the crime intended; as such, the government must allege and prove that a specific crime was the object of either the conspiracy or attempt. *See* Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 6.2 at 18 (1986) (attempt generally requires "an intent to do an act or to bring about certain consequences which would in law amount to a crime"). Moreover, along the continuum of different criminal activity, attempt crimes are closer to completed crimes than are conspiracy crimes. The fact that criminal attempt involves conduct more serious than criminal conspiracy, when coupled with our decision in *Preston*, dictates that we view attempted breaking and entering as a violent felony.

Although the legislative history of the ACCA suggests that Congress' use of the term "burglary" was not meant to include attempted burglary, *see Strahl*, 958 F.2d at 986 (citing 130 Cong.Rec. 3,100 (1984); 128 Cong.Rec. 26,436 (1982)), we believe that attempted breaking and entering "involves

conduct that presents a serious potential risk of physical injury to another" and thus falls under the catch-all provision of 18 U.S.C. § 924(e)(2)(B)(ii). *See* LaFave & Scott, *supra*, § 6.2(b) at 22 (" '[T]he law of attempts exists because there is just as much need to stop, deter and reform a person who has unsuccessfully attempted or is attempting to commit a crime than one who has already committed such an offense.' ") (citation omitted). As both *Lane* and *Payne* explained, the possibility of a violent confrontation with an innocent party is always present when a perpetrator attempts to enter a building illegally, even when the crime is not actually completed. The risk of a confrontation is heightened when the crime occurs at night.

In at least Texas (*Martinez, supra*) and Utah (*Strahl, supra*), a defendant can be convicted of attempted breaking and entering or attempted burglary without being anywhere near the intended building. As the Tenth Circuit explained in *Strahl*, casing a building or acquiring burglary tools would probably support such a conviction. 958 F.2d at 986. However, we note that conspiracy convictions, which are considered violent felonies under *Preston*, are often based on evidence just as far removed from the intended location of the crime.

If the agreement [to commit a crime] has been established but the object has not been attained, virtually any act will satisfy the overt act requirement. Thus unexplained possession of a large quantity of dynamite, an interview with a lawyer, attending a lawful meeting, picking a lock, making a phone call, delivering goods without the proper invoices, distributing handbills in violation of an injunction, and giving a co-conspirator money to deliver to another have all been held to be overt acts in the context of the criminal object alleged. The overt act requirement may be satisfied by an omission, and it may be the commission of

---

**4.** In *Palmer,* we noted in passing that a federal conviction for attempted bank robbery was "clearly" a violent felony within the ACCA. 871 F.2d at 1204. However, *Palmer* is of limited significance, since we did not explain whether attempted bank robbery falls under subsection

(i) (crime having "as an element the use, attempted use, or threatened use of physical force against the person of another") or subsection (ii) (crime which is burglary "or otherwise involves conduct that presents a serious potential risk of physical injury to another").

some crime other than the object of the conspiracy.

LaFave & Scott, *supra*, § 6.5(c) at 95–96 (citations omitted). In this case, O'Brien's conviction involved conduct which was not far removed from the targeted premises: he opened a skylight in a building in which he intended to commit larceny. The possibility of a violent confrontation was very real.

Our decision in this case differs from the contrary decisions in *Martinez* and *Strahl* on the basis of the different underlying state statutes. *Payne,* a decision of the First Circuit, the circuit which includes Massachusetts, analyzed the Massachusetts statute and found it substantially different from the statute at issue in *Martinez. See Payne,* 966 F.2d at 9, ("very unlikely" that Massachusetts law would support conviction if defendant were not in vicinity of intended premises). Our own analysis of the Texas and Utah statutes finds them to be clearly distinguishable from the Massachusetts statute under which O'Brien was convicted and thereafter sentenced.

We hold that attempted breaking and entering at nighttime with intent to commit a felony can constitute a violent felony under the ACCA. Accordingly, we will affirm the judgment of sentence of district court.