IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31417
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBEY E. RABORN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50050-ALL
--------------------
July 9, 2002

Before JOLLY, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Norbey E. Raborn appeals his sentence following his guilty-plea convictions for possession with intent to distribute a controlled substance and being a felon in possession of ammunition in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 922(g)(1). Raborn argues that his sentence was improperly enhanced under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 because his prior conviction for attempted

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

simple burglary is not a "violent felony" as that term is defined in the enhancement statute and the implementing guideline.

In determining whether a prior offense is a violent felony for purposes of 18 U.S.C. § 924(e), a sentencing court must "look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). Under Louisiana law "[s]imple burglary is the unauthorized entering of any dwelling, vehicle, water craft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein . . . ." LA. REV. STAT. ANN. § 14:62 (West 1972). A defendant who has taken steps "tending directly toward the accomplishing of" a burglary has committed the offense of attempted burglary. LA. REV. STAT. ANN. § 14:27 (West 1975).

Because the Louisiana law under which Raborn was convicted does not require proof of the use or threat of physical force in order to convict a defendant of attempted simple burglary, Reborn's prior conviction does not qualify him for sentence enhancement under 18 U.S.C. § 924(e)(2)(B)(i). Attempted burglary is not enumerated as a qualifying offense under 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, because, under Louisiana law, attempted burglary can be committed before a defendant ever encounters any other person, it does not categorically present a serious potential risk of physical injury to another. See 18 U.S.C. § 924(e)(2)(B)(ii); see also United States v. Martinez, 954 F.2d 1050, 1053-54 & n.3 (5th Cir. 1992).

Raborn's prior conviction for attempted simple burglary does not qualify as a violent felony under any of the standards set forth by 18 U.S.C. § 924(e) and therefore may not be used to enhance his sentence. Accordingly, the sentence imposed by the district court is vacated and the case is remanded for resentencing.

VACATED AND REMANDED.