**UNITED STATES of America,**

v.

**Jack C. ALTSMAN, Appellant.**

No. 03–2306.

United States Court of Appeals, Third Circuit.

Argued Feb. 25, 2004.

Decided March 9, 2004.

---

Joseph M. Yablonski (Argued), Yablonski, Costello, Leckie & Chaban, Washington, PA, for Appellant.

Bonnie R. Schlueter (Argued), Office of United States Attorney, Pittsburgh, PA, for Appellee.

Before RENDELL, BARRY and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Jack C. Altsman appeals the district court's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e)(1), arguing that his 1986 conviction for attempted kidnapping was not a "violent felony" for sentencing purposes. We hold that because attempted kidnapping "involves conduct that presents a serious potential risk of physical injury to another," Altsman's 1986 conviction constitutes a violent felony under the ACCA. Accordingly, Altsman's sentence will be affirmed.

The parties are familiar with the facts, which will not be recited here in detail. In 2001, Altsman was stopped by Pennsylvania Game Commission deputies. At the time, Altsman was deer hunting and had a hunting rifle in his possession. Because Altsman was a convicted felon in unlawful possession of a firearm, he was indicted under 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He pled guilty, but reserved the right to challenge the application of the ACCA, which mandates a minimum 15–year sentence for an Armed Career Criminal with three convictions for "violent felonies."

At sentencing, the district court found that Altsman had been convicted twice for burglary. Altsman had also pled guilty in 1986 to the Pennsylvania crime of criminal attempt pursuant to an information stating "on or about the 19th day of March, 1983, [Jack Carl Altsman], in the County of Beaver, did unlawfully, with the intent to commit a crime, namely Kidnapping, the defendant did commit an act which constitutes a substantial step toward the commission of that crime."[1]

The district court concluded that "kidnapping is the 'type' of offense where the risk of physical injury to the victim is invariably present," making Altsman's attempted kidnapping a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii). Because

---

1. Altsman was initially convicted of actual kidnapping, a conviction that was reversed and remanded by the Pennsylvania Superior Court. Altsman subsequently pled guilty to criminal attempt (kidnapping). As we follow the categorical approach, we do not rely on the facts underlying this incident which are contained in Altsman's presentence report.

Altsman had been convicted of three violent felonies, he was subject to the ACCA's mandatory minimum 15–year sentence. Accordingly, on April 25, 2003, the court sentenced Altsman to 180 months in prison, three years of supervised release, and a special assessment of $100.

The district court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Our review of the legal question at hand is plenary. *United States v. Preston*, 910 F.2d 81, 84 (3d Cir.1990).

Altsman pled guilty to violating 18 U.S.C. § 922(g)(1), which states that "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... to ... possess in or affecting commerce, any firearm or ammunition." In turn, 18 U.S.C. § 924(e)(1) mandates a 15–year minimum sentence for those violating section 922(g)(1) who have three previous convictions for violent felonies or serious drug offenses. The term "violent felony" is defined in relevant part as:

> any crime punishable by imprisonment for a term exceeding one year, ... that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B).

Altsman argues that attempt and kidnapping do not necessarily implicate either clause (i) or (ii) of section 924(e)(2)(B). The government counters that attempted kidnapping categorically presents a serious potential risk of physical injury under clause (ii), the basis used by the sentencing court. We agree with the government.

When determining whether a prior conviction is a violent felony, a sentencing court must generally take a "categorical" approach, looking only to "the fact of conviction and the statutory definitions of the prior offenses for which the defendant has been convicted, but not to the particular facts underlying those convictions." *Preston*, 910 F.2d at 85; *see also Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). When necessary, the court may also refer to the indictment or information papers, jury instructions, and certified record of conviction. *United States v. O'Brien*, 972 F.2d 47, 49 (3d Cir.1992); *see also United States v. Kaplansky*, 42 F.3d 320, 322 (6th Cir.1994) (appropriate to look at guilty plea and indictment when conviction is by way of guilty plea).

Under Pennsylvania law, a person commits criminal attempt "when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa. C.S.A. § 901. Kidnapping occurs when a person "unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation" with any of four enumerated specific intentions. *Id.* § 2901.[2] Except for cases involving per-

---

2. 18 Pa.C.S.A. § 2901 defines kidnapping in full as:

(a) Offense defined.—A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

sons under 14 years of age, the removal or confinement must be "accomplished by force, threat or deception." *Id.*

Altsman argues that the relevant Pennsylvania statute does not "necessarily" create a "serious potential risk of physical injury to another." However, our decisions make it clear that inchoate crimes like conspiracy and attempt to commit otherwise violent felonies can be considered, in and of themselves, violent felonies. In *United States v. Preston,* we held that criminal conspiracy to commit robbery was a violent felony under clause (i) of the ACCA's definition of "violent felony." 910 F.2d at 87. In so holding, we concluded that "the elements of criminal conspiracy ... subsume the elements of robbery, which is a violent felony." *Id.* at 86.

In *United States v. O'Brien,* we concluded that *attempted* breaking and entering was a violent felony under clause (ii). First, we noted that under *Preston,* we had previously held that criminal conspiracy—another preparatory crime—could be a violent felony. 972 F.2d at 52. Second, "attempt crimes are closer to completed crimes than are conspiracy crimes." *Id.* Noting that "criminal attempt involves conduct more serious than criminal conspiracy," we held that attempted breaking and entering was a violent felony. *Id.*

The specific attempt crime at issue in this appeal—attempted kidnapping—was squarely addressed by the Sixth Circuit, which held *en banc* in *United States v. Kaplansky* that attempted kidnapping was a "violent felony" under clause (ii). *See* 42 F.3d at 324. Like Altsman, Kaplansky argued that attempted kidnapping by deception would not "necessarily present 'a serious potential risk of physical injury to another.'" *Id.* at 323. *Kaplansky* concluded otherwise, holding that attempted kidnapping was a violent felony, whether accomplished by force, threat, or deception, because "the risk of physical injury to the victim is invariably present." *Id.* at 324.

Altsman's argument not only improperly limits the scope of the inquiry to the initiation of the crime, rather than the potential during its commission, but it also ignores the significance of the word "potential" in clause (ii)'s definition of violent felony, i.e., a crime that "involves conduct that presents a serious *potential* risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[3] As stated in *Kaplansky,* "[j]ust because actual force or injury may not surface in a particular instance of kidnapping (i.e., in those instances initiated by deception) does not mean that it is not an undercurrent of the offense having the serious *potential* of rising to the

(1) To hold for ransom or reward, or as a shield or hostage.
(2) To facilitate commission of any felony or flight thereafter.
(3) To inflict bodily injury on or to terrorize the victim or another.
(4) To interfere with the performance by public officials of any governmental or political function.
(b) Grading.—Kidnapping is a felony of the first degree. A removal or confinement is unlawful within the meaning of this section if it is accomplished by force, threat or deception, or, in the case of a person who is under the age of 14 years or an incapacitated person, if it is accomplished without the

consent of a parent, guardian or other person responsible for general supervision of his welfare.

3. Altsman's brief erroneously quotes clause (ii) as stating that it "otherwise involves conduct that presents a serious risk of physical injury to another." Altsman Br. at 14. As noted by the government, Altsman omits the word "potential" from his quotation of the statute, which "involves conduct that presents a serious *potential* risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

surface." 42 F.3d at 324 (emphasis in original).[4] We agree with *Kaplansky.* Because attempted kidnapping categorically "involves conduct that presents a serious potential risk of physical injury to another," Altsman's conviction for attempted kidnapping was properly used as a predicate "violent felony" for his sentence.

Accordingly, we AFFIRM Altsman's sentence.

4. In addition to force, threat, or deception, kidnapping in Pennsylvania includes the removal or confinement of "a person who is under the age of 14 years or an incapacitated person, if it is accomplished without the consent of a parent, guardian or other person responsible for general supervision of his welfare." 18 Pa.C.S.A. § 2901. Such a kidnapping still requires a substantial step towards unlawful removal or confinement. As such, these types of attempted kidnapping, in addition to those to be done by force, threat, or deception, categorically present a "serious potential risk of physical injury to another."